Jack FLETCHER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11890.

Missouri Court of Appeals,
Southern District,
Division Two.

March 30, 1981.

Kerry D. Douglas, Douglas, Douglas & Lynch, P.C., Bolivar, for movant-appellant.

John D. Ashcroft, Atty. Gen., Thomas G. Auffenberg, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Rule 27.26 proceeding. Appellant is serving a six-year prison term for stealing by deceit, having been convicted after trial by jury in November 1978. No appeal was taken. His *pro se* postconviction motion was amended by appointed counsel and an evidentiary hearing conducted. The trial court entered findings of fact and conclusions of law denying relief. We affirm.

Appellant does not challenge the findings, conclusions and judgment of the trial court in ruling his motion. His single point is that the lower court erred in overruling his motion for a free trial transcript be-

cause "[Appellant] is an indigent unable to provide such transcript on his own, the attorney representing [appellant] was not trial counsel nor present during trial, and because it was not possible for counsel to prepare or perform his duties as counsel prior to and at the hearing on [appellant's] 27.26 motion without such a transcript thereby resulting under the facts in a denial of the equal protection of the laws."

As noted, appellant filed a *pro se* motion, accompanied by motions for appointment of counsel and for a hearing date. As grounds for relief this motion alleged his court appointed trial counsel was inexperienced in criminal law and the case was complicated, thereby denying him effective assistance of counsel; that he was misadvised by his trial counsel on conceding his presence out of the state and thereby tolling the applicable statute of limitations and resulting in his motion to dismiss the state's charge being overruled; that the sheriff assisted the prosecuting attorney in striking the jury panel and was in charge of the jury selected to try the case; that witness Backers perjured himself when he testified he did not have any civil cases pending against appellant because Backers did have such a suit pending in another court; that the trial court erred in sentencing him when the jury could not agree on the matter of puishment because he was a first offender and the jury should have been returned to the jury room to reach a decision on [his] punishment; and, that his retained attorney withheld documents from his court appointed trial attorney during the trial and such documents were vital to his defense.

The trial court appointed present counsel to represent appellant in these proceedings and counsel thereafter filed a motion seeking a complete transcript of the trial. The motion recited that as a result of counsel's reviewing the *pro se* motion and a conference with appellant, counsel was of the opinion that the initial Rule 27.26 motion needed to be amended by setting forth with particularity the manner in which appellant's trial attorney was ineffective, clarifying the grounds relative to the defense of

statute of limitations, and particularizing the documents alleged to have been withheld by appellant's retained attorney. The motion recited that present counsel could not properly amend the *pro se* motion and present evidence in support of appellant's grounds without reviewing the trial transcript and also plead appellant's indigency.

The court overruled the motion for the trial transcript. Between the date of the court's order and the evidentiary hearing counsel obtained a partial transcript.[1] The partial transcript was used by appellant's counsel in preparing and filing an amended Rule 27.26 motion and by way of preparation for the evidentiary hearing.

The amended motion charged appellant's trial attorney was inexperienced in criminal law procedures and trials and that appellant's case was the attorney's first jury trial and also ineffective because the attorney conceded appellant had been out of the state and a proper hearing would have established this was not so and the statute of limitations would have barred prosecution; the attorney failed to show or read to the jury an agreement, which was admitted in evidence, which was vital to the defense; that the attorney's argument to the jury was totally deficient and ineffective because it failed to emphasize appellant's lack of criminal intent.

At the evidentiary hearing appellant was given loose rein to testify as to alleged shortcomings of his trial attorney and the latter's conduct of the trial. In its judgment overruling appellant's amended motion, the court laboriously and pointedly considered and made findings and conclusions as to each of the grounds asserted. No error has been assigned in this appeal to the findings, conclusions and judgment of the trial court and our ex gratia review of the same discloses none.

 Appellant's brief is devoted entirely to the failure of the trial court to order preparation of the trial transcript and furnish the same to him as an indigent. From the recitals in appellant's motion for the trial transcript, reiterated in his brief herein, it is clear to us that appellant desired to embark upon a fishing expedition via the trial transcript to support his claim of ineffective assistance of counsel and the court properly, on the motion before it, refused to accommodate appellant. As stated by Eager, J., in concurring in *State v. Keeble*, 427 S.W.2d 404, 409 (Mo.1968):

"... [O]nly in an exceptional case should the trial court order a full transcript of the original criminal trial for the purpose of proceedings under Rule 27.26 where no such transcript has been previously prepared; and particularly does this suggestion apply where there are merely conclusory allegations in a motion to vacate asserting that the representation by counsel at the trial was inadequate. This is becoming a rather popular line of attack upon judgments of conviction, and it is indeed very easy to make such allegations without any real or substantial foundation. We are, of course, considering whether the trial court should order a full transcript upon the allegations of the motion itself, in order to provide a fair hearing. It is my view that such an order should only be made where there are factual allegations of specific defaults or failures of counsel, and that this power of the trial court should be exercised with caution."

In *Keeble*, our Supreme Court ruled that in a Rule 27.26 proceeding where an indigent movant alleges sufficient *facts*, not conclusions, in support of a claim of ineffective assistance of counsel, and consideration of a part or all of the original trial transcript is necessary to a determination of the question or questions raised, then a partial or complete transcript should be ordered. 427 S.W.2d at 408. See also *McNamara v. State*, 502 S.W.2d 306 (Mo.1973); *Dean v. State*, 461 S.W.2d 861 (Mo.1971); *Trout v. State*, 523 S.W.2d 529 (Mo.App.1975); *Madison v. State*, 533 S.W.2d 252 (Mo.App.1976).

---

1. It is stipulated that counsel paid for the partial transcript and "treated [it] as an expense item." We assume this means counsel was reimbursed.

Here, when appellant was seeking an order for a free and complete trial transcript, his allegations concerning purported derelictions by his trial attorney were of a conclusionary nature and lacking in specific factual detail. A Rule 27.26 motion must plead a factual basis by which the charge of ineffective assistance of counsel can be proved, including the source and nature of the facts rather than mere conclusions. *State v. Moore,* 435 S.W.2d 8 (Mo. banc 1968). And, as observed in *Trout v. State,* supra, the better practice is to set forth in the motion that a partial or full transcript of the trial proceedings will be needed to support factual allegations, thus giving the trial court advance notice and time to have it prepared, 523 S.W.2d at 533. Alleging one's attorney was inexperienced and the case was a complicated one falls far short of sufficient factual averments in support of the ground of ineffective assistance of counsel.

The partial transcript discloses that during the three-year limitation period the appellant was in other states and that the prosecutor had a transcript of his testimony that he was not a legal resident or inhabitant of Missouri during that period of time. Further, that appellant had successfully resisted extradition to Missouri on the charge on prior occasions but had finally been extradited. In order to avoid an evidentiary hearing on the matter appellant's attorney advised the court it would be conceded appellant was out of the state from June of 1975 until August of 1978. The court thereupon overruled appellant's motion to dismiss. The partial transcript also reveals that witness Backers was asked if he had ever taken any legal action against a Mr. Ray, not the appellant. We also observe that appellant did not call as witnesses at the evidentiary hearing his trial attorney or his retained attorney, the latter being the one accused of withholding vital defense documents.

We find no error in the court's overruling appellant's motion that he be provided with a free and complete transcript of the trial proceedings wherein he was found guilty.

The judgment is affirmed.

All concur.