STATE of Missouri, Respondent,

v.

Don C. WHITFIELD, Appellant.

No. 44647.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Motion for Rehearing/Transfer
to Supreme Court Denied
April 15, 1983.

Application to Transfer Denied
May 31, 1983.

James C. Busch, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Jury conviction for second degree murder, for which defendant was sentenced to twenty years imprisonment. We affirm.

Victim, a sixteen year old, 175 pound youth, and two other companions were walking down a St. Louis street when approximately fifteen youths engaged victim in a very brief scuffle. Victim's companions were content to watch. Victim did okay for himself, and was in the act of withdrawing from the affray when defendant produced a sawed-off shotgun and killed him. Defendant admitted killing victim, but said he did so in self-defense claiming victim also had a sawed-off shotgun. Neither gun was ever found.

Defendant asserts plain error, Rule 29.12(b), in the trial judge's biased conduction of the trial. We disagree. The record does not support a finding of manifest injustice or abuse of discretion relating to the judge's conduct during trial.

Defendant claims trial judge made biased interjections during the state's direct examination of an expert in forensic investigation involving firearms. The expert ultimately testified the shotgun blast fired by the defendant traveled between nine and fifteen feet before striking the victim. As the prosecutor tried to elicit this information from the expert witness, defendant objected on the ground that a proper foundation had not been laid. The objection was sustained. The court then inquired whether all shotguns were the same for purposes of his testimony and whether the length of the barrel would make a difference, and directed the prosecutor to lay additional foundation for his question. Subsequently, defense counsel objected to a hypothetical question asked the witness. In response, the court, out of the hearing of the jury, made suggestions as to what evidence should be included in the question. Finally, the court limited the testimony of the expert to the bounds of his expertise and to a responsive reply of the questions asked.

The record shows that this was the only participation by the court in the questioning of this, or any other witness at trial. It is well settled that the court has an inherent power to interrogate witnesses, so long as he maintains a neutral attitude. *State v. Collier*, 624 S.W.2d 30, 33 (Mo.App.1981). Our review of the transcript reveals the trial judge's limited participation in the examination of the witness was neutral.

In his Point II, defendant principally asserts that his Sixth and Fourteenth Amendment right to trial by a "fair cross-section" of the community was violated because the prosecution removed five of the eight black veniremen from the jury panel

through his peremptory strikes. We note that two other black potential jurors were peremptorily stricken by the defense. Defendant's complaint states no constitutional claim. Peremptory challenges "may be exercised on grounds normally thought irrelevant to legal proceedings or official action, namely the race, religion, nationality, occupation, or affiliations of people summoned for jury duty." *State v. Williams,* 535 S.W.2d 128, 129–130 (Mo.App.1976).

■ In order to establish a constitutional violation by the exercise of peremptory challenges, defendant bore the burden of demonstrating that the prosecutor systematically removed blacks in particular, from the jury panels "case after case" over a substantial period of time. *Id.* at 130. Defendant failed to meet his requisite burden of proof. *State v. Wandix,* 624 S.W.2d 111, 113 (Mo.App.1981).

■ Finally, defendant attacks the admission into evidence of a photograph of the victim taken just before the autopsy, and the jacket worn by the victim at the time of his murder. He objects on the basis that the gruesome character of these exhibits was prejudicial to him. Defendant asks us to review this complaint on plain error. Rule 29.12(b). We find no abuse of discretion. Both the jacket and photograph served to refute defendant's claim of self-defense. The jacket showed the point of entry of the shot and the photograph showed the wound. These two exhibits indicated the distance from which the defendant shot the victim as well as their respective positions, and accordingly, were properly admitted. *State v. Sempsrott,* 587 S.W.2d 630, 633–634 (Mo.App.1979); *State v. Weekley,* 621 S.W.2d 256, 260 (Mo.1981).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.