Truman POUNDS, Appellant,

v.

STATE of Missouri, Respondent.

No. 46146.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Michael L. Henderson, Clayton, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Rule 27.26 motion denied in part after an evidentiary hearing. We affirm.

On April 27, 1979, movant was found guilty of attempted robbery in the first degree and armed criminal action conviction.

Movant filed a motion for a new trial on May 17, 1979. At a hearing held the next day, May 18, 1979, evidence was received on both the merits and the timeliness of the motion. An additional hearing on the merits was held on June 1, 1979, after which the motion was overruled. Movant was sentenced to twelve years imprisonment for attempted robbery, and to three years imprisonment for armed criminal action.

On July 2, 1979, movant agreed in writing to waive his right of appeal in the attempted robbery and armed criminal action convictions in exchange for a plea of guilty to charges then pending in two other cases, in which movant received a sentence totalling fifteen years to be served concurrently with the attempted robbery and armed criminal action convictions.

■ Movant contends the trial court erred in not ordering a transcript of the original trial proceedings for his use in preparing a motion for new trial, even though the original motion for new trial was untimely. The failure to order a transcript is not a proper subject for a Rule 27.26 motion. See, *Fletcher v. State,* 614 S.W.2d 754, 756 (Mo.App.1977). In any event movant received what he bargained for, a fifteen year sentence on other charges to run concurrently with the ones involved in this case.

■ Movant asserts the sentencing of twelve years for the attempted armed robbery exceeds the permissible range of punishment. But not so under *Hudson v. State,* 612 S.W.2d 375, 378 (Mo.App.1980).

■ The Rule 27.26 trial court found double jeopardy in movant's convictions for attempted robbery and armed criminal action. The United States Supreme Court thereafter took a contrary position. *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). The state did not appeal from the order of the trial court in the case at bar. We decline to reinstate the sentence for armed criminal action as requested by the state.

The judgment of the Rule 27.26 trial court is affirmed.

PUDLOWSKI and SIMON, JJ., concur.