**STATE of Missouri, Respondent,**

**v.**

**Walter ROBINSON, Jr., Appellant.**

**No. 47531.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Debra Buie Arnold, Henry Robertson, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of first degree robbery and sentenced as a prior offender to fifteen years' imprisonment. We affirm.

In the early morning hours of December 26, 1983, victim stopped at a traffic light in the City of St. Louis, Missouri. Two men and a woman entered his car, threatened him with a knife, and forced him to the passenger side of the front seat. The woman drove while the two men riding in the back seat robbed the victim.

After driving six to seven blocks, the woman and two men threw the victim out of the car and drove off. Victim reported the incident to police and later that day viewed line-ups at the police station. The victim's identification of defendant in one of these line-ups is the subject of this appeal.

The defendant asserts the procedures used at the pre-trial identification were so unnecessarily suggestive that they rendered victim's in-court identification of defendant unreliable.

At the pre-trial hearing to suppress the identification evidence, victim testified he saw the two men for "a couple of seconds" and he thought he got a "pretty good look" at them. He testified he viewed three line-ups, making a positive identification of the female in the first. Victim testified he thought he identified the short male (accomplice) positively, but had some problem identifying the tall male (defendant). According to the victim, the police made no suggestions as to the identification of the defendant.

Officer Hill, who was in charge of the line-ups, testified at the suppression hearing he conducted only two line-ups. Officer Hill corroborated victim's positive identification of the female. He testified the second line-up was not photographed because although the victim made an identification, he was not "sure." Officer Hill testified victim initially identified a police officer who took part in the line-up as one of his robbers, but later identified defendant as the robber. At the close of the suppression hearing the trial court found there was no evidence of suggestiveness and overruled the motion to suppress.

At trial, victim and Officer Hill testified to essentially the same facts. Officer Hill explained the victim actually saw the same line-up (male) twice. Victim made an in-court identification of defendant. Evidence at trial indicated forty-five minutes after the robbery, another police officer stopped victim's rented car for a traffic violation. A female was driving, with defendant and another male as passengers. Defendant carried a knife and some currency. The other male passenger had victim's coat and watch. The female driver had a knife and items from the victim's coat.

■ To determine the admissibility of the victim's out-of-court identification testimony, a two step analysis is required. First, we consider the police procedures to determine if they are impermissibly suggestive. If they are, we then determine the reliability of the subsequent in-court identification. *State v. Sanders*, 621 S.W.2d 386, 389 (Mo.App.1981).

■ Under the circumstances, we find no suggestiveness in the procedures employed by the police. The victim viewed ordinary line-ups. The victim made three identifications, with varying degrees of certainty. The circumstances relating to the certainty of the identification affect only the credibility of the witness' testimony and not its admissibility. *State v. Jones*, 643 S.W.2d 34, 37 (Mo.App.1982). The trial court properly overruled defendant's motion to suppress the pre-trial identification.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.