William Dale ABEL, Appellant,

v.

STATE of Missouri, Respondent.

No. 52412.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 1987.

Lew Anthony Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant appeals from denial of Rule 27.26 post-conviction motion in the Circuit Court of Cape Girardeau County. The judgment and sentence sought to be vacated was for second degree murder in violation of RSMo § 656.004 (1978). Defendant was convicted and sentenced to life imprisonment. The conviction was not appealed.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j). *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). Defendant first alleges the hearing court erred in denying his request for an original transcript because the transcript was nec-

essary for the court's determination that defendant was denied ineffective assistance of counsel. However, failure to order a transcript is not a proper subject for a Rule 27.26 motion. *Pounds v. State*, 664 S.W.2d 232, 232 (Mo.App., E.D.1983).

In any event, we will review defendant's allegations of ineffective assistance of counsel. Defendant contends trial counsel failed to call two witnesses to testify. He failed, however, to meet his burden of proving those two witnesses would have proved helpful to the defendant. *Lockett v. State*, 679 S.W.2d 337, 339 (Mo.App., W.D.1984). Defendant also contends that trial counsel failed to investigate alleged juror misconduct and that trial counsel failed to object to the introduction of defendant's statements at trial. Defendant waived his right to an appeal and cannot by post-conviction proceedings raise claims of error that he might have raised on appeal. *Thompson v. State*, 651 S.W.2d 657, 657–58 (Mo.App., S.D.1983). Additionally, defendant claims that trial counsel did not properly prepare for trial but fails to allege facts to illustrate how trial counsel's preparation was inadequate. *Pickett v. State*, 690 S.W.2d 826, 826 (Mo.App., E.D.1985).

We fail to see how these allegations required review of the original trial transcript. *Fletcher v. State*, 614 S.W.2d 754, 756 (Mo.App., S.D.1981). We find no error in the court's denying defendant's motion that the hearing court be provided with the complete original transcript of the proceeding at which he was found guilty. This point is denied.

Defendant alleges in his second point that he was prejudiced when the hearing judge questioned the state's witness at the evidentiary hearing in that the examination of the witness was improper and questioning was not neutral. We note that defendant failed to make an objection at the hearing. Failure to object at the first appropriate opportunity amounts to a waiver of that objection on appeal. *State v. Owens*, 550 S.W.2d 211, 214 (Mo.App., E.D.1977). Furthermore, Rule 27.26 is available to defendant to provide a means for attacking his conviction, not to allege irregularities in a hearing under that same rule. *Neal v. State*, 569 S.W2d 388, 389 (Mo.App., E.D.1978).

Finally, we fail to see how the record before us indicates that defendant was prejudiced by the hearing judge's questioning of the witness. The judge had the inherent power to interrogate a witness. *State v. Whitfield*, 650 S.W.2d 305, 306 (Mo.App., E.D.1983). There is no evidence to support the claim that the hearing judge was an advocate for the state. This point is denied.

The judgment is affirmed.

STEPHAN and SIMON, JJ., concur.