Arthur Lee FORD, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53018.

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Ilene A. Goodman, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant had been convicted of first-degree assault, sodomy, and three counts of rape and sentenced to a total of 35 years' imprisonment. We affirmed in *State v. Ford,* 677 S.W.2d 352 (Mo.App.1984).

In his Rule 27.26 motion, amended following appointment of counsel, movant alleged that he received ineffective assistance from his trial attorney. In addition to allegations not pertinent to this appeal, movant claimed his counsel failed to investigate several matters, failed to call two witnesses, and failed to strike a juror. After an evidentiary hearing, the court denied the motion and entered findings of fact and conclusions of law. The court determined that movant's trial counsel was not ineffective and that movant failed to show that his defense was prejudiced by his counsel's alleged ineffectiveness.

On appeal, movant alleges the motion court erred in concluding his trial counsel was not ineffective, contending his counsel "failed to contact and/or call at trial ... defense witnesses...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). An appellate court gives due regard to the motion court's opportunity to hear witnesses and defers to its determination of credibility. *Reese v. State*, 741 S.W.2d 97, 99 (Mo.App.1987).

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. A decision to forego investigation must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment. *Richardson v. State*, 719 S.W.2d 912, 915

(Mo.App.1986), *citing Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). Counsel's duty to investigate includes contacting potential witnesses named by the client who might aid in his defense. *Poole v. State*, 671 S.W.2d 787, 788 (Mo.App.1983). Whether it is reasonable for defense counsel not to interview a potential alibi witness is to be determined under the specific circumstances of each case. *See Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). When an ineffective assistance of counsel claim is based on an alleged failure to investigate, a movant must allege the specific information that counsel failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have aided the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

■ Movant claims he told counsel about two witnesses who could provide him an alibi. Counsel testified at the hearing that movant did not tell him about one of the purported witnesses. Counsel said he talked to the other, but she would not supply an alibi and did not want to testify. The motion court stated it found trial counsel to be "completely credible." The court's findings and conclusions about counsel's performance are not clearly erroneous. Moreover, a review of the facts as recounted in *Ford*, 677 S.W.2d 352, indicates the state presented a strong case. Thus the court's determination that movant failed to show that his defense was prejudiced is not clearly erroneous. *See Strickland*, 466 U.S. at 696, 104 S.Ct. at 2069[22].

■ Movant also challenges the motion court because "it failed to make findings of fact and conclusions of law on each and every issue presented...." Although Rule 27.26(i) requires that "[t]he court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held," we have held that Rule 27.26(i) is satisfied when the motion court's findings and conclusions are sufficient to permit appellate review of the judgment. *McCoy v. State*, 610 S.W.2d 708, 709 (Mo. App.1981). A generalized finding that

counsel's performance was not ineffective satisfies Rule 27.26(i) even if findings are not itemized to each matter pled; there is no need to remand for additional findings and conclusions if the record allows this court to determine the correctness of the motion court's action. *Seltzer v. State*, 694 S.W.2d 778, 779 (Mo.App.1985).

■ We conclude the findings allow us to review the two matters about which movant complains in this point relied on. The court adequately addressed the allegation that counsel refused to strike a juror in accordance with movant's request; its determination was not erroneous. Although the court made no specific finding on counsel's alleged failure to adequately investigate movant's claim that his sweating at the time of his arrest was caused by his high blood pressure combined with his ingestion of phencyclidine, we find no error. Aside from stating that he was arrested because he was sweating despite the cool weather, movant does not inform us how information about his high blood pressure and use of phencyclidine would have aided his defense. Although Rule 27.26(i) requires findings of fact and conclusions of law on all issues presented, where the issue confronting the motion court is one of law and not of fact, findings of fact are not required. *See Newman v. State*, 703 S.W. 2d 71, 72 (Mo.App.1985). Because the motion court was faced with a question of law, i.e., did movant's allegations meet the requirements of *Thomas*, 736 S.W.2d at 519, no findings and conclusions concerning any failure to investigate movant's claims about high blood pressure and drug use were required.

■ Movant also alleges the motion court was clearly erroneous in its finding that the testimony of an investigator from the Special Public Defender's office refuted movant's claim about counsel's failure to investigate and call witnesses. The investigator testified about his efforts prior to the motion hearing in 1986; the court incorrectly concluded the investigator's efforts occurred prior to movant's 1981 trial. However, the motion court correctly pointed out that counsel's testimony refuted movant's claims on all pertinent matters about which the investigator testified, except the "sweating" issue which we have already ruled against movant. When a motion court reaches a correct result, it is immaterial that it might have assigned an erroneous reason for its ruling. *Jones v. State*, 604 S.W.2d 607, 609 (Mo.App.1980).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.