Walter ROBINSON, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 55730.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Timothy E. Hogan, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Walter Robinson, Jr., appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted of first degree robbery and sentenced to fifteen years in prison. This court affirmed his conviction on direct ap-

peal in *State v. Robinson*, 674 S.W.2d 144 (Mo.App., E.D.1984). Movant claimed ineffective assistance of counsel and a violation of his due process rights in his Rule 27.26 motion. In this appeal, movant asserts that the motion court erred in denying his motion. We affirm.

Initially we note that we are limited in this review to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). In a claim based on ineffective assistance of counsel, the movant has the burden of showing that trial counsel's performance did not meet reasonable professional standards and that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D. 1987).

Movant asserts that his trial counsel was ineffective in failing to locate and call a witness. The victim of the robbery, William Glathaar, viewed a police lineup and tentatively identified a police officer named Donald Henderson as his assailant. A subsequent lineup using the same participants was held at Mr. Glathaar's request and Mr. Glathaar positively identified the movant, Walter Robinson, Jr., as the assailant. Movant's counsel did not obtain the identity of the officer nor call him as a witness.

■ The motion court found that trial counsel could easily have determined the identity of the officer with "some diligence" but stated that as a matter of trial strategy, his testimony was not needed. We note that the failure to interview a potential witness and the decision to call a witness to testify are decisions of trial strategy which will not ordinarily support an ineffective assistance of counsel claim. *Sanders v. State*, 738 S.W.2d at 858; *Simmons v. State*, 741 S.W.2d 800, 801 (Mo. App., E.D.1987). If such an assertion is to succeed the movant must show what the testimony would have been and how the absent testimony would have changed the outcome of his trial. *Pelham v. State*, 713 S.W.2d 614 (Mo.App., S.D.1986).

■ In the instant case, the misidentification at the first lineup was elicited through the testimony of another police officer and Mr. Glathaar's own testimony at trial. The movant did not present any evidence at his Rule 27.26 motion hearing regarding what Officer Henderson's testimony would have been at trial. The motion court properly pointed out that if Officer Henderson was similar in appearance to movant, the officer's presence in court would have hurt movant's case. There is no indication that Officer Henderson's testimony would have been anything but cumulative evidence regarding the first lineup. The motion court was not clearly erroneous in finding that movant was represented by effective counsel.

■ Movant's second claim of error is that the motion court denied him the opportunity to testify at his Rule 27.26 evidentiary hearing in violation of his Due Process and Equal Protection rights. U.S. Const. Amend. V, VI, XIV; Mo. Const. Art. I, § 2, 10, 18(a). This claim is not available to movant in a Rule 27.26 motion. Post conviction proceedings are directed at defects which led to the original sentencing. *Usher v. State*, 741 S.W.2d 677 (Mo.App., E.D. 1987). As we noted in *Abel v. State*, 737 S.W.2d 487, 488 (Mo.App., E.D.1987), a Rule 27.26 motion is not to be used to attack irregularities in the Rule 27.26 evidentiary hearing itself.

Movant's allegation of error is simply that the motion court refused to let him testify at his Rule 27.26 evidentiary hearing. The record of the evidentiary hearing reveals that movant was given ample opportunity to testify but movant refused to do so; he removed his clothing while in the holding cell to ensure that he could not be taken into the courtroom.

■ Movant's motivation for refusing to appear at the hearing was his desire to confront the testimony of his trial counsel. The motion court found that his trial counsel's schedule was "extremely heavy" and used her deposition as evidence at the hear-

ing. Since the Rule 27.26 evidentiary hearing is a civil, not a criminal proceeding, movant's assertion that he should have been allowed to confront his trial counsel's testimony at this hearing must fail. *Johns v. State,* 741 S.W.2d 771 (Mo.App., E.D. 1987). The motion court used the deposition of movant's trial counsel in lieu of her testimony which is permitted under Missouri Rule of Civil Procedure 57.07(a).

The motion court's findings, conclusions, and judgments were not clearly erroneous. The motion court's denial of movant's Rule 27.26 motion is affirmed.

SIMEONE, Senior Judge, and CRIST, J., concur.