Thomas D. WEBB, Appellant,

v.

STATE of Missouri, Respondent.

No. 54636.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Thomas D. Webb, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. Movant pled guilty to single counts of robbery first degree, armed criminal action, attempted forcible rape, and first degree assault. He was sentenced to fifteen years imprisonment on the assault count and to thirty years for each of the remaining three counts, all of which ran concurrently. In this appeal, movant claims that the motion court erred in denying his motion based on ineffective assistance of counsel and erred in failing to issue specific findings of fact and conclusions of law in regard to two of his claims. We affirm.

At approximately 1:35 a.m. on Tuesday, July 29, 1986, movant entered the Majik Market store at Big Bend in Maplewood. After being informed by the clerk that he could not buy beer after 1:30 a.m., movant went to his truck, retrieved a knife, and returned to the store. He thrust the knife to the clerk's throat and demanded money from the cash register. Movant then knocked the clerk to the floor and attempted to rape her. The clerk fought with

movant and the clerk was stabbed approximately seventeen times. The clerk was finally able to knock movant off of her. Movant then ran across the street and drove off in his truck. He was later apprehended on Highway 40.

Movant asserts that it was error for the motion court to deny his claim of ineffective assistance of counsel based on counsel's failure to investigate the defense of involuntary intoxication, failure to advise him of his right not to testify at trial, and based on counsel's alleged erroneous belief that movant was a persistent offender which coerced movant to plead guilty to avoid a possibly greater sentence. Movant also claims the motion court did not enter specific findings of fact and conclusions of law in regard to his involuntary intoxication claim and his persistent offender claim.

■ We will first address movant's claim that the motion court's findings and conclusions violated Rule 27.26(i). This rule requires the motion court to "make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 27.26(i) (Supp.1987). We have found this rule to be satisfied where the court's findings and conclusions are sufficient to permit appellate review of the judgment. *Ford v. State*, 748 S.W.2d 837 (Mo.App., E.D.1988). In *Ford*, we also found that findings which are not itemized as to each claim may be sufficient "if the record allows this court to determine the correctness of the motion court's action." *Id.* at 839.

■ In the present case, it is true that the court did not cite two claims by name in its findings. However, the court did specifically find that movant had "discussed the possible defenses with his attorney" and was "informed of the range of punishment should the cause proceed to trial." Further, the only testimony produced at the motion hearing was that of movant and trial counsel; no other evidence in support of movant's claims was presented. The findings of the motion court coupled with the straightforward nature of the eviden-

tiary hearing more than adequately provide a meaningful review of movant's claims.

■ In reviewing movant's claims, we must determine whether the findings, conclusions, and judgment of the court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). These findings are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In order for movant to prevail on his claim of ineffective assistance, he must show that trial counsel's performance did not meet reasonable professional standards and that this alleged ineffectiveness affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118 (Mo.App., E.D.1987). Where movant's conviction was the result of his plea of guilty, as here, counsel's performance is only relevant if it has affected the voluntariness and understanding of the plea. *Williams v. State*, 760 S.W.2d 200 (Mo.App., E.D.1988).

■ Movant, in our case, has asserted that he was not advised by trial counsel of his right not to testify at trial. He claims that had he realized he would not have to testify, he would not have pled guilty. The record supports the motion court's finding.

During the plea hearing the trial judge asked movant whether he understood that if he went to trial he could not be compelled to testify and that his failure to testify could not be used against him by the prosecution. Movant indicated that he understood this. Several times during the plea hearing movant indicated his satisfaction with his trial counsel.

During the evidentiary hearing movant indicated that he had talked to counsel about the possibility of testifying; he did not remember whether counsel had specifically told him that he did not have to testify. Counsel testified that he could not specifically remember advising movant about his rights against self incrimination. This does not refute the record of the plea hearing in which movant acknowledged his

understanding of his fifth amendment rights. The motion court's refusal to find ineffective assistance of counsel on this issue was not clearly erroneous.

Movant also claims that counsel was ineffective for failing to investigate movant's alleged defense of involuntary intoxication and for allegedly believing movant to be a persistent offender. While movant discusses these claims in his argument to this court, they do not appear in his points relied on. These claims are not properly raised under Rule 84.04(d) and we are not required to address them. However, in the interest of fairness, we will consider them.

Movant maintains that someone placed the drug PCP into his glass of beer without his knowledge. At the evidentiary hearing movant claimed that his trial counsel told him that he could not use this as a defense. Movant also stated that he wanted to go to trial using the defense of involuntary intoxication. Movant's trial counsel testified at the evidentiary hearing that he could not remember whether he investigated this defense.

During the plea hearing, however, the trial judge asked movant whether trial counsel advised him that he could offer this to a jury as a defense and that it could be considered by the jury when they decided his guilt and his punishment. Movant responded in the affirmative. Movant also indicated during his plea hearing that he was guilty as charged and that he claimed not to have a defense to these charges.

Movant's claim that he wanted to go to trial with an involuntary intoxication defense is clearly refuted by the record. Moreover, the motion court is not required to believe movant's testimony, or that of any other witness, and we are obliged to defer to the motion court's determination of credibility. *Thrasher v. State*, 760 S.W.2d 462, 465 (Mo.App., E.D.1988). Since the motion court concluded that movant had pled guilty to receive a lesser sentence and that he had discussed possible defenses with trial counsel, the motion court apparently did not find movant's tes-

timony believable. We cannot say this conclusion is clearly erroneous.

Finally, movant claims that his plea was made involuntarily because his attorney advised him that since he was a persistent offender, he faced the possibility of a more severe sentence if he did not accept the State's plea agreement. Movant was not a persistent offender. Movant's trial counsel did not believe he had ever discussed this with movant and stated that movant was not charged as a persistent offender.

The motion court, in denying relief, again was entitled to disbelieve movant. We also note that only one of the charged offenses, that of the first degree assault class B felony, would have carried an enhanced sentence for a persistent offender under RSMo section 558.016(6)(2).[1] The motion court's denial of relief on this ground is also not clearly erroneous.

Since we do not find the findings, conclusions, and judgment of the motion court to be clearly erroneous, we affirm the denial of movant's Rule 27.26 motion.

REINHARD and CRIST, JJ., concur.

---

1. In pertinent part, RSMo section 558.016 provides:

6. The total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are:

(2) For a class B felony, a term of years not to exceed thirty years; ...