Michael NELSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 59372.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 16, 1991.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Michael Nelson, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Appellant was found guilty by a jury of two counts of sale of a controlled substance, heroin, and was sentenced as a prior drug offender by the court on June 12, 1986, to two concurrent terms of thirty years imprisonment without probation or parole. Appellant's conviction and sentence were affirmed on direct appeal in *State v. Nelson*, 736 S.W.2d 542 (Mo.App., E.D.1987).

On December 29, 1987, appellant filed a pro se motion under prior Rule 27.26. An evidentiary hearing was held on August 22, 1989, however, appellant was not present at the hearing and, upon motion of the State, this court remanded the case back to the motion court so an evidentiary hearing with appellant present could be held.

This second hearing was held on August 21, 1990. Appellant and a purported alibi witness, Jackie Tyson, testified at this hearing. The motion court, on October 19, 1990, denied appellant relief.

Appellant's sole point on appeal is the "newly discovered" evidence of Tyson's[1] alibi testimony entitled appellant to a new trial. To be entitled to a new trial on the basis of newly discovered evidence, it must be established that:

(1) the evidence has come to the knowledge of the defendant since the trial; (2) it was not owing to want of due diligence that it was not discovered sooner; (3) the evidence is so material that it would probably produce a different result on a new trial; and (4) it is not cumulative only or merely impeaching the credit of the witness.

1. We will refer hereinafter to Jackie Tyson as Tyson for the sake of brevity. We do not intend to be disrespectful to Mr. Tyson.

*State v. Amrine,* 741 S.W.2d 665, 674 (Mo. banc 1987).

In this case, appellant testified he provided his trial counsel with Tyson's name and his purported testimony prior to trial. Clearly then, appellant's knowledge of this witness could not have come to his attention after his jury trial had concluded. Appellant's claim that Tyson's testimony constituted newly discovered evidence, which has been first advanced upon appeal, is without merit.

The claim that appellant's attorney was ineffective for not calling Tyson as a witness was, apparently, tried by implied consent of the parties. *Laws v. State,* 708 S.W.2d 182, 184 (Mo.App., E.D.1986). Tyson testified that on the date of the first drug sale for which appellant was convicted, April 5, 1984, Tyson met the appellant at a bar around 5:20 p.m. Appellant and Tyson left the tavern around 6:00 p.m. and Tyson took appellant to appellant's mother-in-law's home where they stayed for about one hour. Tyson left the home without appellant and did not know what appellant did thereafter. Appellant's crime took place between the hours of 6:00 p.m. and 8:00 p.m.

Thus, Tyson's testimony would not provide appellant with a reasonable probability the result of his trial would have been different had Tyson testified. *Robinson v. State,* 778 S.W.2d 811, 812 (Mo.App., E.D.1989).

Moreover, appellant's trial counsel testified at the initial motion hearing in August of 1989, that appellant told her that he did not have any witnesses that he wished to call in his defense. The motion court found trial counsel to be credible, and we defer to the court's determination of credibility. *Webb v. State,* 781 S.W.2d 163, 165 (Mo. App., E.D.1989).

The denial of appellant's Rule 27.26 motion was not clearly erroneous. *Id.* at 164.

CRIST and AHRENS, JJ., concur.