Steven A. JOHNSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 22739.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1999.

Motion for Rehearing and Transfer Denied Oct. 12, 1999.

Application for Transfer Denied Nov. 23, 1999.

Gary E. Brotherton, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stacy L. Anderson, Asst. Attorney General, Jefferson City, for Respondent.

KENNETH W. SHRUM, Judge.

Steven A. Johnson (Movant) brought this post-conviction case under Rule 24.035 after pleading guilty to a felony charge. Following an evidentiary hearing, the motion court dismissed Movant's case. This appeal followed.

We affirm.

In May 1998, Movant pleaded guilty to the class A felony of murder in the first degree, § 565.020, RSMo 1994. The court sentenced him to life imprisonment without the possibility of parole.

On June 29, 1998, Movant filed a motion to vacate, set aside, or correct the judgment pursuant to Rule 24.035. Counsel was appointed for Movant and, on September 28, 1998, he filed an amended 24.035 motion. The amended motion alleged Movant was denied his constitutionally guaranteed right to effective counsel in three respects.

First, Movant's trial lawyers led him to believe that a co-defendant, Michael Davis, had made a deal to testify against Movant, thus ensuring Movant's conviction. Movant alleges, however, that no such deal was made and had he known that, he would have gone to trial rather than enter a guilty plea.

Second, Movant's lawyers told him that after pleading guilty he would have a "reasonable possibility of success" on appeal. Movant alleges that absent this statement, he would not have entered a plea but would have gone to trial.

Third, Movant's lawyers did not file and litigate a meritorious motion to suppress a statement he made to police one day after the murder. Movant alleges his lawyers never told him the statement was subject to suppression and had he known that the statement could be suppressed, he would have "rejected pleading guilty and ... insisted on proceeding to trial."

On October 16, 1998, the motion court scheduled a hearing on Movant's motion for November 9, 1998. At the same time, the court found that "Movant need not be present" for the scheduled hearing and ruled that "if ... Movant wishes to present testimony, it shall be received by deposition."[1] Movant complied with the motion court's order and reduced his testimony to deposition form.

The evidentiary hearing on Movant's post-conviction motion was held as sched-

---

1. In its order, the motion court cited Rule 29.15(i) as authority for ordering Movant to present his testimony by deposition. However, Rule 24.035(i) is identical to Rule 29.15(i) and authorized the trial court to enter the order that Movant present his testimony by deposition.

uled. Movant presented his testimony via deposition. He did so without objection or challenge to Rule 24.035(i). The State adduced no evidence. The motion court then issued findings of fact and conclusions of law on all issues presented, denied the relief sought by Movant, and dismissed his Rule 24.035 motion. In part, the court found that "[t]he claims of [M]ovant rest primarily upon the testimony of [M]ovant" and "[t]aken as a whole and considering all the evidence adduced in this case, the Court does not find the testimony of the [M]ovant credible." This appeal followed.

We reproduce Movant's single point relied on verbatim:

"The motion court clearly erred in overruling [Movant's] Rule 24.035 motion without first letting [Movant] appear in person to testify in support of his allegations because a review of the record leaves a definite and firm impression that the motion court violated [Movant's] right to due process of law. *See* U.S. Const., Amends. V and XIV; Mo. Const., Art. I, § 10. The motion court ordered [Movant] to provide his testimony in support of his claims of ineffective counsel by way of deposition, and [Movant] did so. There was no other evidence in support or contravention of [Movant's] claims. The motion court correctly noted that—as the sole judge of credibility—it could disbelieve even uncontradicted testimony, but it ignored that it cannot determine a witness' credibility from a cold record like a deposition transcript. Before finding [Movant's] deposition testimony to be incredible, and thus a basis to overrule his 24.035 motion, the motion court was obliged to observe [Movant] testify in court in support of his claims."

∎ This point is not a model of clarity. If Movant intends by this point to argue that his constitutional right to due process was violated when the motion court ordered him to testify by deposition, the case of *Robinson v. State*, 778 S.W.2d 811 (Mo.

App.1989), answers the argument adversely to Movant.

"Movant's second claim of error is that the motion court denied him the opportunity to testify at his Rule 27.26 evidentiary hearing in violation of his Due Process and Equal Protection Rights. This claim is not available to movant in a Rule 27.26 motion. Post conviction proceedings are directed at defects which led to the original sentencing. As we noted in *Abel v. State*, 737 S.W.2d 487, 488 (Mo.App. E.D.1987), a Rule 27.26 motion is not to be used to attack irregularities in the Rule 27.26 evidentiary hearing itself." [2] **(Citations omitted.)** *Id.* at 813. Based on *Robinson*, we hold that any claim by Movant that his due process rights were violated when he was ordered to testify by deposition is not cognizable in this proceeding.

∎ If Movant intends by this point to charge that the motion court prejudicially erred in denying him post-conviction relief because (1) the motion court improperly decided his credibility on a "cold record" *and* (2) the motion court's determination of Movant's credibility was the *only* basis for dismissing his motion, such argument ignores the record.

First, Movant is simply wrong when he asserts that his deposition testimony "was the only evidence" presented at his evidentiary hearing. Jake Skouby, lawyer for co-defendant Michael Davis, testified at Movant's Rule 24.035 hearing. Movant's inculpatory statement to the police was put in evidence, as was Michael Davis's statement to the police. The trial court took judicial notice of Movant's underlying criminal case. This evidence included a thirty-one-page transcript of Movant's guilty plea, a four-page "Petition to Enter Plea of Guilty" signed by Movant and his trial lawyers, a "Memorandum of Plea Bargain" signed by Movant and his trial lawyers, and docket sheets that showed Movant's lawyers filed and obtained rul-

**2.** Rule 27.26 was the predecessor to the cur-

rent post-conviction rules 24.035 and 29.15.

ings on more than thirty-four pre-trial motions.

Second, the motion court did not base its dismissal of Movant's motion solely on its credibility determination as Movant contends. Instead, the court made alternative findings of fact and conclusions of law that support its order of dismissal. For instance, regarding Movant's claim that his lawyers were ineffective when they told him that co-defendant Davis had made a deal to testify against him, the motion court found, *inter alia:*

> "[A]ny defense attorney representing [M]ovant who read the ... Davis statement with a critical eye would conclude that if his testimony got before the jury it would be extremely damaging to his client. The opinion [that he would definitely get the death penalty], if it was given, was a sound opinion. Therefore, the only issue seems to be whether [M]ovant was told that there was a 'deal' for the testimony of Davis. Clearly, the issue of whether Davis would or would not testify against [M]ovant was one that was discussed by not only [M]ovant and his attorneys, but also by Davis and his attorney. However, his [Davis's] testimony against [M]ovant was not part of the Davis plea bargain, yet Davis knew and certainly [M]ovant's trial attorneys knew that Davis. no longer enjoyed his Fifth Amendment privilege against testifying and he was on the list of witnesses filed by the State. Therefore, whether there was a deal or not, Davis was a potential witness against ... [M]ovant. *Thus, even if the Court were to believe [M]ovant and believe his attorneys told him there was a deal for the testimony of Davis, it does not affect the voluntariness and understanding with which the guilty plea was made."* (Emphasis supplied.)

▇ Thus, the motion court concluded, independent of any assessment of Movant's credibility, that Movant's plea was not rendered involuntary because his lawyers may have told him that a deal had been made for Davis to testify. In his brief, Movant does not attack any of the alternative findings or conclusions of law outlined above; consequently, any issues concerning these findings or conclusions are abandoned. *See Waldorf Inv. Co. v. Farris,* 918 S.W.2d 915, 918[3] (Mo.App. 1996). Since the motion court made alternative and unchallenged findings and conclusions that support its order of dismissal, at least on this claim, Movant was not prejudiced by any alleged error in credibility assessment. "Error without prejudice is no ground for reversal." *Neavill v. Klemp,* 427 S.W.2d 446, 448[9] (Mo.1968); *Gage v. Morse,* 933 S.W.2d 410, 420[12] (Mo.App.1996). Movant's point is, therefore, denied to the extent it relates to the Davis testimony advice.

Regarding his lawyers' failure to file a motion to suppress, Movant testified that on the day after he was arrested he was approached "[a]pproximately ten" times about giving a statement. Because he "had no idea what he was doing," he initially refused to give a statement. He did ask the officers if he "needed [a lawyer] to do this." However, Movant did not testify as to the verbal responses of these officers, if any. Movant testified only that the officers would look disgusted and leave. Movant finally made his statement after he was told that Davis and another person "would be let free" if he would do so. Movant testified that he told his trial lawyers of this information, but they neglected to file a motion to suppress his statement.

The motion court, after summarizing the foregoing, concluded:

> *"Even if the Court were to find this testimony credible, this does not prove by [a] preponderance of the evidence that this motion would have been successful.* The Court finds upon the evidence presented it cannot find that such a motion would have been successful. Therefore, it need not reach the prejudice issue." (Emphasis supplied.)

Once again, the motion court found, on a basis other than credibility assessment, that Movant did not prove he was entitled to post-conviction relief by a preponderance of the evidence. Since this alternative basis for rejecting Movant's claim was left unchallenged, Movant was not prejudiced by any alleged error in credibility assessment. Again we note, "[e]rror without prejudice is no ground for reversal." *Neavill*, 427 S.W.2d at 448[9]; *Gage*, 933 S.W.2d at 420[12]. Movant's point is, therefore, denied to the extent it relates to the lack of a motion to suppress.

■ To support his claim of ineffective counsel based on his allegation that his plea was involuntary because his lawyers told him he could successfully appeal after pleading guilty, Movant testified as follows:

"Q. [Y]ou assert your counsel was ineffective and misinformed you that you would get an appeal after your conviction?

"A. Yes.

. . . .

"Q. What did he say about the appeal?

"A. Basically that [if] I would take this plea bargain now it would stand at life without. But my chances of being in a place where I could get to the law library and get my appeal started, even though it would be tough, that I could gain my appeal better up here.

"Q. Did [your lawyer] lead you to believe you would receive sufficiency review of your conviction?

"A. Yes.

"Q. What did that mean to you?

"A. *He told me that I could use various different ways of insufficient counsel, as far as different things that were not brought up in the case.* That I could use, I don't even remember what all. But he informed me that I would have a lot better grounds.

"Q. Did he tell you that you would be able to take an appeal as to the amount of evidence in your case?

"A. . . . . Yes. He actually stated that the evidence was overwhelming in my favor and that in the appeals court I would have no problem. He said it would be a tough fight getting the appeal but once I got it.

. . . .

"Q. Had counsel not made such an assurance, what would you have done?

"A. I would have stayed and went to trial." (Emphasis supplied.)

In rejecting this claim, the motion court characterized the foregoing testimony as having "no credibility whatsoever." Additionally, the court found:

"It is inconceivable to this Court that any competent attorney would have told [Movant] the things [M]ovant ascribes to his trial counsel concerning this appeal issue. Counsel is presumed competent,. Furthermore, in assessing claims such [as] this judicial scrutiny of trial counsel's conduct must be highly deferential. *Strickland [v. Washington]*, supra, 466 U.S. [668] at 689[, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)]. Therefore, this Court does 'indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.' *[I]d.* For all these reasons, the Court concludes that this claim has no merit."

■ "A trial court may make reasonable inferences from the facts it has, and such judgments deserve appellate court deference." *First Nat. Ins. Co. of America v. Clark*, 899 S.W.2d 520, 521[3] (Mo.banc 1995). From Movant's initial testimony about what his lawyer told him about post-plea practice, the motion court could reasonably infer that the advice given Movant by his lawyer related to a post-conviction motion, not a direct appeal. That permissible inference, drawn from Movant's testimony, coupled with the strong presumption that counsel is competent and that his conduct falls within a wide range of acceptable behavior, persuades us that the trial

court did not clearly err when it concluded that Movant's claim lacked merit.

Point denied.[3] The judgment is affirmed.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.

3. To support his point relied on, Movant relies heavily upon *Jordan v. Hargett,* 34 F.3d 310, 313 (5th Cir.1994) and *Castillo v. U.S.,* 34 F.3d 443, 445 (7th Cir.1994). We have not ignored these cases but conclude they do not aid Movant. First, they are not binding on this court, and second, they are not on point.