Henry Lee WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 52143.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Henry Lee Williams, hereinafter movant, appeals following the denial of his Rule 27.26 motion seeking to set aside his conviction of rape and sodomy. We affirm.

Movant's first point on appeal summarily asserts that the trial court erred in denying his motion by finding movant's trial counsel rendered effective counsel where trial counsel failed to cross-examine the victim as to an alleged prior inconsistent statement as to the date the incident occurred. Our review of a judgment overruling a Rule 27.26 motion is limited to whether "the findings, conclusions and judgment are clearly erroneous." Rule 27.-26(j).

In a Rule 27.26 motion, the movant has the burden of proof by a preponderance of the evidence. Rule 27.26(f). In order to establish ineffective counsel movant must show that his attorney's performance did not conform to the degree of skill, care, and diligence required of a reasonably competent attorney under similar circumstances along with prejudice to movant. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 674 (1984); *Love v. State,* 670 S.W.2d 499, 501 (Mo. banc 1984).

After reviewing the 27.26 hearing transcript we do not find the decision clearly erroneous. The defense that counsel and

**510**

appellant asserted was one of complete denial of the act at any time. Counsel testified that she did not pursue this specific line of questioning because she did not want to "open the door" to any other incident than the incident charged, including testimony that movant had raped her at various times. While movant contends that this "door" was already open by other testimony, this other evidence was apparently objected to and even asserted as a point on appeal. *See, State v. Williams,* 654 S.W.2d 215, 217 (Mo.App.1983). Counsel's failure to cross-examine the victim as to the actual date of occurrence clearly can be considered trial strategy. Even though fruitless, the manner in which trial strategy is applied does not provide an adequate basis for an attack on the effectiveness of trial counsel. *State v. Thomas,* 625 S.W.2d 115, 124 (Mo. 1981); *Laws v. State,* 708 S.W.2d 182, 186 (Mo.App.1986). Point denied.

In his second and final point, movant claims that the trial court erred by failing to address in its findings of fact and conclusions of law an issue presented in movant's Rule 27.26 motion. In his first petition movant included a claim that the state failed to comply with the rules of discovery. In his second amended motion, movant did not specifically assert this issue but included a statement incorporating by reference all previous claims. The trial court did not specifically address this issue in its findings of fact and conclusions of law.

The court is required by Rule 27.26(i) to make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. This is to allow for meaningful appellate review. *McCoy v. State,* 610 S.W.2d 708, 709 (Mo.App.1981).

While this requirement is strictly enforced where an issue is presented which might effect the court's jurisdiction, *Gawne v. State,* 729 S.W.2d 497 (Mo.App. 1987), a recognized exception exists where no substantive evidence was presented at the hearing to support movant's allegations. *State v. Johnson,* 615 S.W.2d 502, 506 (Mo.App.1981).

Movant claims that by merely referring to the trial record in his motion, he thereby submitted evidence in support of his discovery allegation. The state argues that this would place a heavy burden on the trial court by requiring the court to sift through the entire record to locate the relevant evidence. We agree and note that the burden would be perpetuated on appeal. Here, movant did not mention this issue or offer any evidence as to this issue at the hearing. "A circuit court cannot be found to have committed error for failing to make findings of fact and conclusions of law on issues not presented at the hearing." *Holzer v. State,* 680 S.W.2d 764, 767 (Mo.App. 1984). Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.