**STATE of Missouri, Respondent,**

v.

**Roscoe HARRY, Appellant.**

**No. 52290.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 24, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Nancy Stenn, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant was convicted by a jury in the St. Louis County Circuit Court on one count of robbery first degree, RSMo § 569.020 (1986), and armed criminal action, RSMo § 571.015.1 (1986). The trial court found defendant to be a prior and persistent offender and sentenced him to life and to twenty-five years imprisonment respectively, sentences to run consecutively. On appeal defendant argues that the trial court erred in (1) sustaining the prosecutor's objection to the admission of a police booking sheet into evidence and (2) rejecting his motion to exclude identification testimony because of suggestive pretrial identification procedures and unreliability. We affirm.

On the afternoon of September 24, 1985, Sherry Aiken worked alone in the manager's office of an apartment complex in Maplewood. At approximately 1:50 p.m., a man knocked on the door, entered the office, displayed a knife and demanded the victim's ring. The man took the victim's ring, watch, wallet, checkbook, cigarette case and lighter. The robber threatened to kill the victim and repeatedly struck her about the head, face and eyes, breaking her dentures. The attack lasted two to three minutes. Immediately after the robber fled, the victim called the police.

Three days later the victim viewed a photo lineup at the police station. She viewed five photographs and identified defendant as the man who robbed her. On October 11, 1985, the police conducted a second photo lineup using thirteen photographs, including one of defendant. The victim passed up defendant's photograph and chose the photograph of another man. Later that afternoon the victim viewed a live lineup. At first she chose defendant and a second man as possible suspects. But after hearing each of the men speak, she identified defendant as the robber.

■ In his first point on appeal, defendant asserts that the trial court erred in sustaining the State's objection to the admission of the police department booking sheet into evidence. Defense counsel first attempted to elicit testimony from Detective Arnett regarding defendant's age, but the detective did not recall. Defense counsel then attempted to refresh the detective's memory with the police booking sheet. The prosecutor objected stating that the detective would be testifying based upon matters in the booking sheet which were inadmissible hearsay. The court sustained the objection. Defense counsel then tried to qualify the booking sheet as a business record and offered it into evidence. The prosecutor objected stating again that the booking sheet contained inadmissible hearsay. The court sustained the objection. Defendant argues that the booking sheet qualified as a business record and was admissible as an exception to the rule against hearsay. Defendant asserts that the court's ruling kept reliable and relevant information from the jury.

■ Initially we note that trial courts have wide latitude in determining whether a sufficient foundation has been established to allow the admission of records under the Uniform Business Records as Evidence Act, RSMo §§ 490.660–.690 (1986). *State v. Zagorski*, 632 S.W.2d 475, 477 (Mo. banc 1982). A police report may generally be admitted into evidence when qualified under the Act. *State v. Jordan*, 664 S.W.2d 668, 672 (Mo.App., E.D.1984). But in order to be admissible under the Act, the proponent of the report must show that the report was based either upon the entrant's observations or on the information of others with a duty to transmit it to the entrant. *Id.*

Detective Arnett entered defendant's age, height and weight in the report apparently based upon defendant's statements. Defendant has not asserted the entries were based upon the detective's observations or that defendant had a business duty to transmit the information to the detective. Defendant attempted to use the report to prove the truth of the matter stated therein, *i.e.*, defendant's true height, weight and age. The detective could not testify as to defendant's hearsay statement regarding his age. The Act does not transform this inadmissible hearsay into admis-

sible evidence simply because the information was recorded. *State v. Dorsey*, 706 S.W.2d 478, 482 (Mo.App., E.D.1986). The trial court correctly excluded the police booking sheet from evidence.

■ Defendant next alleges that the trial court erred in overruling his motion to suppress testimony regarding the victim's out of court identification. Defendant argues the procedures used by the police were inherently suggestive and conducive to mistaken identification. But defendant fails to point to any specific actions by the police that rendered the procedures suggestive. Further, nothing in the record indicates that police employed suggestive procedures. An examination of the two photo lineups and the photograph of the live lineup reveals that the participants were not so dissimilar as to make the defendant outstanding. *State v. Cooper*, 708 S.W.2d 299, 305 (Mo.App., E.D.1986). Rather defendant directs his attack at accepted, well-established pretrial identification procedures. We find no error.

Finally, defendant claims that the victim's identification was unreliable. Identification testimony may be admitted even though it is a product of impermissibly suggestive pretrial identification procedures, if the identification is reliable. *State v. Robinson*, 641 S.W.2d 423, 427 (Mo. banc 1982). Although we found no suggestive tactics were used by the police, we will nevertheless review the reliability of the victim's identification.

■ When reviewing identification testimony for reliability we consider the totality of the circumstances including the witness' opportunity to view the criminal at the time of the crime, degree of attention, accuracy of the description of the criminal, degree of certainty, and the time between the crime and the confrontation. *State v. Williams*, 708 S.W.2d 705, 708 (Mo.App., E.D.1986). The victim had an excellent opportunity to view her assailant at the time of the robbery; she was face to face with the robber for two or three minutes. The victim posi-

tively identified defendant in a photo lineup three days later. The victim again identified defendant in a live lineup two and a half weeks later. Although she failed to identify defendant at the second photo lineup and expressed some uncertainty at the live lineup, the victim stated unequivocally at trial that defendant was the robber. A prior tentative identification will not render inadmissible a later positive identification. *State v. Smith*, 704 S.W.2d 290, 292 (Mo. App., E.D.1986). The evidence regarding the victim's description of her robber conflicts,[1] however, both versions compare favorably to the photograph of the live lineup. Under the totality of the circumstances, the victim's identification of the robber was reliable. *State v. Pettit*, 719 S.W.2d 474, 477 (Mo.App., E.D.1986). Point denied.

Finding defendant's arguments to be without merit, we affirm.

REINHARD and CRIST, JJ., concur.

---

1. On cross-examination of the victim, defense counsel elicited a positive response to the following description: 5'7", 130 pounds, mid-twenties. Detective Arnett testified that the victim *described her robber as a black male, 5'8"* to 5'9", medium build, 20 to 30 years old. Defendant asserts in brief that he was 5'9" or 5'10", 170 pounds, and 37 years old at the time of the robbery.