Tommy Lee McLAURIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 53094.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1988.

Application to Transfer Denied
May 17, 1988.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant appeals denial of post-conviction relief after an evidentiary hearing. In support of his motion defendant offered his testimony and his mother's testimony. The state offered testimony of movant's trial counsel. The motion court entered required and responsive findings of fact, conclusions of law and denied relief.

Movant claims ineffective assistance of counsel "when his trial counsel failed to petition the court for a writ of attachment to secure the presence of Bessie Mae Trotter, the sole and essential defense witness, when Ms. Trotter failed to appear at appellant's trial after being properly served with a subpoena, and the conduct of appellant's counsel prejudiced his case and jeopardized his right to due process of law...." This claim of error is nearly identical to the ground for relief pleaded in movant's first amended motion to vacate the judgment and sentence.

Movant's direct appeal was decided by this court in *State v. McLaurin*, 684 S.W. 2d 570 (Mo.App.1985). We borrow from that opinion for some of the background facts. Prior to trial three continuances had been granted. The evidence at trial included testimony of police officers that they saw one of two persons, appellant, inside an iron gate but outside a door of a liquor store. At that time they saw appellant hand a pillowcase to the other person who was outside the gate. Appellant and his accomplice attempted to flee but the police officers apprehended them. Liquor and cigarettes identified as merchandise missing from the store were found in the pillowcase.

For the purpose of this opinion the following facts were developed and are not in dispute. Movant gave trial counsel the name of Bessie Mae Trotter as a defense witness. He believed that Ms. Trotter would testify that she was with him until approximately twenty minutes before his arrest. They walked past the store and noticed that it had already been broken into and that there was merchandise between the front door of the store and a fence in the front of the door.

Trial counsel confirmed that movant furnished her with the name of Bessie Mae Trotter and the address of the witness's mother. Counsel went to the mother's home and learned that the witness had moved. The witness's mother did not know where her daughter was living. Defense counsel's investigator subsequently located the witness at the home of a friend of the witness. He interviewed her. Bessie Mae Trotter informed the investigator that she had a criminal record. The investigator informed defense counsel that it was his opinion that at the time of the interview Ms. Trotter was under the influence of drugs. The witness gave the investigator a statement that she was walking down the street with defendant, another male and another female when they approached the store which she said had already been broken into. She also told the investigator that defendant then "said he was fixing to go in an get some stuff for himself but she didn't want to have any part of it. She said that she left the area with her companions, including appellant, and they went to her uncle's house and all stayed there together." This evidence is in direct conflict with the testimony of the police officers and the

physical facts that they caught defendant-movant at the scene. Based on the information received from her investigator defense counsel formed the opinion that Bessie Mae Trotter would not make a good witness because "she had a prior record and her version of what happened conflicted with the police, what they were going to testify to, what she said they left the area and none of them went back, that Tommy McLaurin stayed with her."

Movant's pleading and the corresponding precise claim of error before this court is that counsel was ineffective for failure to request a body attachment for Bessie Mae Trotter, a subpoenaed witness who failed to honor the subpoena. The motion court found as a fact that the failure to request a writ of attachment was not ineffective assistance of counsel on the facts of this case. Neither the trial court nor this court consider the claim of error to be founded on a contention that such a failure is per se ineffective assistance of counsel.

On the facts we hold that the findings, conclusions and judgment of the trial court were not clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). We also hold that movant failed to establish ineffective assistance of counsel in light of the standards set in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979).

Both *Strickland* and *Seales* require movant to prove not only that counsel failed to employ that degree of performance which conforms to the care and skill of a reasonably competent lawyer when failing to request a body attachment but also that such failure was prejudicial to movant. There is strong factual support for the conclusion of defense counsel that Bessie Mae Trotter would not have been a strong witness for defendant. In addition, Ms. Trotter's version of the events was inconsistent with the physical facts because defendant was arrested at the scene or during flight from the scene and was seen by police officers handling a pillowcase containing property removed from the burglarized store. The

motion court was authorized to consider the decision of defense counsel when made. *Seales*, 580 S.W.2d at 735. Further, there is a presumption that counsel is competent. *Id.* at 735. In this light, counsel determined that if Ms. Trotter were called as a witness she would testify in a manner consistent with her statement made to the investigator for defense counsel. If so, her evidence would have placed movant at the home of her uncle at the time he was arrested at the store. On this evidence counsel was neither ineffective nor was the decision not to request a body attachment necessarily prejudicial. Accordingly, the findings, conclusions and judgments of the motion court were not clearly erroneous.

We affirm.

SMITH and KELLY, JJ., concur.