Kenneth BEVLY, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 55552.

Missouri Court of Appeals,
Eastern District,
Division One.

July 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Cheryl Rafert, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury convicted movant of first degree murder and two counts of first degree robbery. The court sentenced him as a prior offender to life imprisonment on the murder count and to ten year prison terms on each of the robbery counts, the ten year terms to run concurrent with each other and consecutive to the life sentence. A discussion of the facts leading to the convictions can be found in *State v. Bevly*, 665 S.W.2d 46 (Mo.App.1984), wherein we affirmed on direct appeal.

Movant filed a pro se Rule 27.26 motion alleging numerous grounds for relief, mostly under the heading of ineffective assistance of counsel. Appointed counsel filed an amended motion stating one additional ground, restating three of movant's original grounds and incorporating movant's remaining grounds. An evidentiary hearing was held; movant was the only witness who testified. The motion court, in denying relief, entered detailed findings of fact and conclusions of law addressing each of movant's grounds.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986), *citing Strickland v. Washington*, 466 U.S. 668, 688–89, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

If counsel's conduct is found not to meet the proper standard, a movant still must show that the error had an adverse effect on the defense, that is, any deficiencies must be prejudicial. The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient.

Rather, movant, when challenging a conviction, must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court hearing an ineffectiveness claim must consider the totality of the evidence before the fact finder. *Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 2066–69, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 719 S.W.2d 912, 915–16 (Mo.App.1986).

■ A motion court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Richardson v. State,* 719 S.W.2d 912, 915–16 (Mo.App.1986). A decision not to call a witness to testify is a matter of trial strategy that is virtually unchallengeable. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987).

■ On appeal, movant contends the motion court erred in all but one of its findings and conclusions. The majority of movant's ineffectiveness claims on appeal are based on trial counsel's failure to object to certain evidence. As to this group of claims we note generally that the failure to object does not rise to the level of ineffective assistance of counsel unless movant has suffered a substantial deprivation of the right to a fair trial. *Jackson v. State,* 540 S.W.2d 616, 617 (Mo.App.1976). Furthermore, counsel is not ineffective for failing to make nonmeritorious objections. *Clark v. State,* 753 S.W.2d 67, 69 (Mo.App. 1988).

■ Following are the objections movant contends his trial counsel should have made and the reasons why they are nonmeritorious: 1) An objection to the admission of a line-up photo in which movant is pictured, on the basis that counsel was not present at the line-up—the objection would be without merit because the line-up occurred prior to movant being charged; thus movant was not entitled to an attorney, *State v. Gaskin,* 618 S.W.2d 620, 622 (Mo.1981); 2) an objection, based on hearsay, to a witness's testimony that when she saw movant and his companion on the gas station parking lot, she called her boyfriend and he stated, "O.K. You hang up and I'll call the police."—the boyfriend's statement was not offered to show the truth of the matter asserted; therefore, it was not hearsay, *State v. Mallett,* 732 S.W.2d 527, 536 (Mo. banc 1987); 3) an objection based on hearsay, to the prosecutor's question to one of the robbery victims, "You told me you didn't look at the man on the passenger side, did you look at the man on the driver's side?"—again, the statement was not offered for the truth of the witness's assertion, thus it was not hearsay; 4) an objection to the admission of a police photo of movant—movant has not alleged that the photo contained any inculpatory information, and in the absence of such an allegation, the photo itself is neutral and admissible, *State v. Hemphill,* 699 S.W.2d 83, 84 (Mo.App.1985); 5) an objection to statements made by the prosecutor in closing, on the basis that there was no evidence to support the statements—our review of the record leads us to conclude that there was evidence supporting the statements, thus no objection was in order. Moreover, even were we to conclude there was a valid basis for any of the objections movant contends counsel should have made, we do not believe movant suffered a substantial deprivation of the right to a fair trial as a result of counsel's failure to object.

Movant next argues counsel was ineffective for failing to investigate a comment made by a juror which movant contends indicated the juror's inability to follow the court's instructions. The record does not indicate what the comment was; and there is no evidence in the record of an inability on the part of a juror to follow directions. The motion court found movant was not prejudiced by any purported ineffectiveness relating to the juror's comment. We do not believe this conclusion is clearly erroneous.

Next, movant contends counsel was ineffective for failing to show the jury a newspaper photo which formed the basis of movant's initial identification as a partici-

pant in the robberies and murder. Movant contends the photo was small, fuzzy, and it subjected him to misidentification. The motion court found that showing the photo to the jury would not have affected the outcome of the trial, i.e. that movant was not prejudiced. We agree. Moreover, it appears from the record that counsel filed a motion in limine to prohibit any reference to the newspaper photo and that counsel expressed the desire that the photo not be shown to the jury; this was apparently a strategic decision unchallengeable in a Rule 27.26 proceeding.

Movant's final ineffectiveness claim relates to counsel's failure to call an expert witness to impeach the identifying witness's testimony concerning the dosage of a valium pill she took on the day she witnessed the crime. The record reflects that counsel attempted to impeach the witness's testimony using the Physician's Desk Reference. Although the trial court did not allow impeachment in this manner, we conclude that counsel's decision not to use an expert witness was within the range of professionally reasonable judgments. Moreover, we agree with the motion court that movant was not prejudiced by any purported ineffectiveness.

■ Movant's second point relied on raises two claims of trial court error. These claims could or should have been raised on direct appeal and are not cognizable in a Rule 27.26 proceeding. *Boyd v. State*, 759 S.W.2d 849, 851 (Mo.App.1988).

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.