**W.F.W., Movant–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

**No. 16114.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 27, 1989.

Motion for Rehearing or Transfer
Denied Nov. 9, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

JOHN C. HOLSTEIN, Special Judge.

Movant W.F.W. was convicted on two counts for having raped his twelve-year old daughter. § 566.030.3, RSMo Supp.1984. He was sentenced, as a persistent offender, to two thirty-year sentences to run concurrently. § 558.016.6(2), RSMo Supp.1984. The conviction was affirmed on appeal. *State v. W.F.W.*, 721 S.W.2d 145 (Mo.App. 1986).

On February 4, 1988, movant filed a pro se motion for post-conviction relief under Rule 29.15.[1] After counsel was appointed, an amended motion was filed. Twenty-one grounds for relief were scattered through ten numbered paragraphs. Two of those paragraphs have multiple subparagraphs. An evidentiary hearing was held on Octo-

---

**1.** Rule references are to Missouri Rules of Court (20th ed. 1989).

ber 31, 1988. On November 28, 1988, the court below (hereafter the motion court) filed "Findings of Fact, Conclusions of Law, Judgment and Order" denying relief.

Movant appeals asserting error in two respects. He first claims the motion court violated Rule 29.15(i) by failing to enter findings of fact and conclusions of law concerning all but one of the twenty-one issues raised. Second, he asserts his trial attorney was ineffective in failing to show that the victim's testimony was "induced by threats" that if she did not testify against movant, she would be removed from the family home.

 Appellate review in post-conviction cases is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j). Mere recitals that the motion, files and records conclusively show movant is not entitled to relief, or findings and conclusions supplied by implication from the court ruling, will not suffice. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). To allow for meaningful appellate review, there must be findings of fact and conclusions of law on all issues presented whether or not a hearing is held. *Williams v. State*, 736 S.W.2d 509, 510 (Mo.App.1987). A recognized exception to the rule is that findings of fact and conclusions of law are not essential where no substantive evidence is presented at the hearing to support the movant's allegations. *Young v. State*, 761 S.W.2d 725, 726–27 (Mo.App.1988); *Williams v. State, supra.*

Applying those principles to this case we note that the motion court's judgment, while lengthy, did not specifically address most of the allegations contained in the amended Rule 29.15 motion. The next question becomes whether there was substantive evidence presented at the post-conviction hearing to support any of those claims for relief found in the amended Rule 29.15 motion which were not specifically addressed.

The record before us is limited to the legal file in the post-conviction proceeding, the transcript of the testimony at the post-conviction proceeding, and a copy of a tape-recorded statement of the victim taken by an investigator for the public defender prior to movant's trial in the underlying case. We also have the opinion from the direct appeal. While the motion court took "judicial notice" of the entire file, including the transcript, in the underlying jury trial, movant has failed to make those documents part of the record on appeal.

An appellant is required to provide this court with "all of the record, proceedings and evidence" necessary for review of the issues. Rule 81.12(a); *Weekly v. State*, 759 S.W.2d 312, 313 (Mo.App.1988). We take the record in this case as the movant has chosen to present it. With few exceptions, discussed hereafter, the grounds for relief set forth in the amended Rule 29.15 motion are dependent entirely on what was done, or not done, during the trial of the underlying case. Absent the record in that case, there is no substantive evidence to support the assertions contained in the post-conviction motion.

The transcript of the post-conviction proceeding is, for the most part, silent as to what was or was not done at the trial in the underlying case. The evidence at the post-conviction hearing centered on a recantation of the victim's initial accusation that she and movant had sexual intercourse. Those circumstances were as follows: After the initial accusations to law enforcement authorities and movant's arrest, the victim was visited by the wife of movant's brother. She attempted to get the child to change her story and accuse someone other than movant. Movant's sister-in-law had a second meeting during which the victim was told that the victim's brother claimed to have had sexual relations with the child. At that point the sister-in-law claims the child recanted her earlier accusations. Prior to the preliminary hearing the victim was interviewed by the prosecuting attorney. He suggested that her failure to cooperate would mean movant would be released from custody, and, because she was no longer protected, she would be removed from the home. After the preliminary hearing movant's sister-in-law set up a meeting with an investigator for the public

defender's office. The investigator interviewed the child, and for the second time she denied that movant had sexual intercourse with her. Subsequently, juvenile authorities removed the child from the family home and she was not returned to her mother's custody until five or six days after movant's trial. The opinion in the direct appeal reflects that the inconsistent statements were presented at the movant's trial. *State v. W.F.W., supra,* at 147–48. Beyond that, this court can only speculate as to what, if any, of the evidence presented at the post-conviction hearing was not included in the trial transcript.

The only evidence regarding what complaints movant has regarding the original trial is found in the movant's testimony:

Q: Back in August, did I supply you with a document entitled "Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence"?

A: Yes, sir, you did.

. . . .

Q: Now, referring specifically to paragraph 13, subparagraph B, you have alleged that your counsel at trial failed to adequately raise and argue the insufficiency of the evidence due to the State's failure to collaborate [sic] the prosecutrix's conflicting testimony by expert testimony as to penetration or otherwise. What is it that you are complaining of or you think should have been done at your trial with respect to the subject of collaboration [sic] and penetration?

A: Well, I think that expert testimony should be—should have been produced on penetration. We had no real sure of penetration. Only one that said anything about penetration was [the victim]. Sometime—one time she would say, yes, and the next time she would, no, and I think—should have had expert testimony showing whether there was any penetration or not.

. . . .

Q: All right. What other questions should have been asked of the complaining witness at your trial?

A: Well, she should have been asked whether she was still a virgin after and

before. I mean, you know, well, really, there wasn't—we don't even know whether she was still a virgin. She may still be a virgin, you know.

■ The motion court found "[t]here was no indication that Prosecutrix had sexual intercourse with anyone, forced or otherwise, other than the movant prior to the date of the offense(s)" and further noted "[e]vidence of specific instances of rape victim's prior sexual conduct is not independently admissible under rape shield law and will be admitted only where court finds it is relevant to material fact or issue." Finally the court concluded, "Movant is unable to claim ineffective assistance of counsel as he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different" and "[n]one of the issues raised in Movant's amended Motion to Vacate Sentence show ineffective assistance of Movant's trial counsel." Movant's speculation as to what expert testimony might have shown is not substantive evidence that counsel was ineffective in failing to obtain expert testimony. In view of the very limited substantive evidence, the findings of fact and conclusions of law are sufficient under Rule 29.15(i) to address movant's complaints of ineffective counsel testified to at his hearing.

Movant's second point is that his trial counsel failed to inform the jury that the victim's testimony was induced by threats. As previously noted, the transcript of the trial is not before us, and we have no way of knowing what counsel did or did not tell the jury. Allegations in an appellate brief which are unsupported by the record cannot form the basis of error on appeal. *State v. Wolford,* 754 S.W.2d 875, 880 (Mo. App.1988). The second point is without merit.

In conclusion we note that the motion court's judgment is no model. Specific findings of fact and conclusions of law on each claim for relief is the expected norm. However, the appellate record supporting movant's claims is so sparse we cannot conclude the judgment is clearly erroneous. Rule 29.15(j). A gratuitous review of

claims found in the allegations of the Rule 29.15 motion, coupled with such facts as we are able to glean from the record presented and the opinion in the direct appeal of movant's conviction, negates any contention that the movant has been the victim of a manifest injustice or miscarriage of justice. Thus, plain error provides no basis for relief. Rule 30.20. The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.