**Roscoe HARRY, Plaintiff–Appellant,**

v.

**STATE of Missouri,**
**Defendant–Respondent.**

No. 57550.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1990.

Application to Transfer Denied
Jan. 9, 1991.

James S. McKay, David C. Hemingway, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

STEPHAN, Judge.

Roscoe Harry ("Harry") appeals the denial of his Rule 29.15 motion. We affirm.

On August 12, 1986, a jury found Harry guilty of one count of first degree robbery, Section 569.020 RSMo 1986, and one count of armed criminal action, Section 571.015.1, RSMo 1986. On October 3, 1986, the court sentenced Harry as a prior and persistent offender to life imprisonment for the robbery conviction, plus a term of twenty-five years imprisonment for the armed criminal action conviction, to be served consecutively. A discussion of the facts leading to the conviction can be found in *State v. Harry*, 741 S.W.2d 743 (Mo.App.1987), wherein we affirmed on direct appeal.

Harry filed a *pro se* motion pursuant to Rule 29.15, to vacate judgment and sentence, alleging ineffective assistance of counsel. Appointed counsel subsequently filed an unverified amended motion. Following an evidentiary hearing, at which both Harry and Harry's niece, Wanda Ann Hamilton ("Hamilton"), testified, the Honorable Kenneth M. Romines issued findings of fact, conclusions of law and an order denying Harry relief. It is from this order that Harry now appeals.

Appellate review of the trial court's decision on a Rule 29.15 motion is expressly limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Harry's five points on appeal all raise ineffective assistance of counsel claims. To prevail upon a claim of ineffective assistance of counsel, a movant must meet a two-prong test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State, supra,* 738 S.W.2d at 857. First, movant must show that counsel's performance was deficient. *Strickland v. Washington, supra,* 466 U.S. at 687, 104 S.Ct. at 2064. This requires a showing that counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised in similar circumstances. *Sanders v. State, supra,* 738 S.W.2d at 857. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions may be regarded as sound trial strategy. *Bevly v. State,* 778 S.W.2d 297, 298 (Mo.App.1989). Second, movant must prove that he was prejudiced by counsel's deficient performance. *Strickland v. Washington, supra,* 466 U.S. at 687, 104 S.Ct. at 2064. It is not sufficient to show that an error by counsel may have had some conceivable effect on the outcome. *Bevly v. State, supra,* 778 S.W.2d at 298. Rather, when a movant challenges his conviction, he must show that there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. *Id.* at 299. In determining whether a reasonable probability exists, the fact finder must consider the totality of the evidence. *Id.*

In his first point on appeal, Harry contends that the motion court erred in upholding trial counsel's failure to object when the state introduced evidence of an uncharged crime. The complained of testimony is as follows:

Q. [by prosecutor to victim] Sherry, you mentioned that a number of checks had been taken from you during the course of the robbery.

A. Right.

Q. On October 7, 1985, did you use a check to purchase a color television set in Tipton on St. Charles Rock Road?

A. No, sir, I did not.

Q. So you didn't purchase a TV with one of your checks?

A. No sir.

Q. Did you give anyone permission to do that?

A. No sir.

Harry asserts that the above testimony allowed the jury to freely assess evidence of a crime for which he was not on trial, when making a final decision on a verdict concerning the crimes for which he was on trial. Harry argues his counsel's failure to object to the above testimony is particularly egregious because: 1) the trial court made a preliminary ruling prohibiting the state from referring to such evidence in its opening statement; 2) the prosecutor elicited the above testimony immediately after the victim identified Harry; and 3) the prosecutor solicited great detail about the uncharged crime, including the date, place and details of the transaction involving the stolen checks.

Before we address the merits of Harry's first point, we address the motion court's findings of fact and conclusions of law which presumably relate to this claim. The court specifically stated:

[w]ith regards to movant's *ground three* movant cites nothing in the record to support this ground. On the contrary, counsel's objection to the evidence in question was sustained during the state's opening statement, and no further mention was made of it. (Emphasis ours).

Having reviewed the entire record before us, we have found no indication as to what constituted movant's third ground. We surmise that this ground addressed trial counsel's objection to that portion of the testimony quoted above. This testimony appears at pages 97–98 of the trial transcript. Therefore, although the motion court's conclusion that counsel's objection was sustained is accurate, his conclusion that no further mention was made of it is erroneous.

Such error does not, however, mandate reversal. Where a court reaches the correct result, it is immaterial that the

court may have assigned an erroneous reason for the ruling. *Jones v. State*, 604 S.W.2d 607, 609 (Mo.App.1980). Such is the case here.

■ As we have previously indicated, Harry asserts that he was denied the right to effective assistance of counsel because his counsel failed to object when the State introduced evidence of an uncharged crime. Again, Harry's assertion is based on that portion of the testimony quoted above. In order to invoke the rule that evidence which tends to prove other crimes is inadmissible, there must be evidence that the defendant has committed, or has been accused of, charged with, convicted of, or been definitely associated with another crime or crimes. *State v. Garcia*, 682 S.W.2d 12, 13 (Mo.App.1984); *see also State v. Gilmore*, 681 S.W.2d 934, 942 (Mo. banc 1984). The reference to a purchase of a color television set by someone with the victim's stolen checks did not directly link Harry with any other crime. We therefore rule the above quoted testimony is not evidence of an uncharged crime. As for counsel's failure to challenge the above quoted testimony, counsel cannot be found ineffective for failing to make a nonmeritorious objection. *Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989). Harry's first point is denied.

■ Harry's second assignment of error on appeal is that the motion court erred in upholding trial counsel's failure to call Wanda Hamilton to testify at trial. Harry argues that Hamilton could have impeached the victim's attempt to minimize both the length and number of times that the victim met Harry prior to the charged crime. The selection of witnesses and the introduction of evidence are questions of trial strategy, and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Harry's trial counsel could have determined Hamilton's testimony would not have made any difference. The decision as to whether to call Hamilton was a matter of trial strategy, and Harry has failed to

demonstrate prejudice to overcome the strong presumption of right action.

■ Moreover, a motion court is not required to believe a witness. *Webb v. State*, 781 S.W.2d 163, 165 (Mo.App.1989). We are obliged to defer to the motion court's determination of credibility. *Id.* The motion court found Hamilton's testimony not credible. We defer to the motion court's determination. Harry's second point is denied.

■ Harry's third point on appeal is that the motion court erred in failing to make findings of fact and conclusions of law regarding trial counsel's failure to produce Officer Edward Taylor. Harry argues, to allow for meaningful appellate review, there must be findings of fact and conclusions of law on all issues presented. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978). A recognized exception to this rule is that findings of fact and conclusions of law are not essential where no substantive evidence is presented at the hearing to support the movant's allegations. *W.F.W. v. State*, 779 S.W.2d 724, 725 (Mo.App. 1989).

■ Harry's allegation in this case is that his trial counsel's failure to produce Officer Taylor amounts to ineffective assistance of counsel. Harry's evidence to support this allegation is that Officer Taylor's testimony would disclose the victim's failure to identify Harry and thus contradict the victim's claim that she tentatively identified Harry at that time. In order to show that defense counsel was ineffective in not calling a witness, movant must prove: 1) the witness could have been located through reasonable investigation; 2) the witness would have testified if called; and 3) the testimony of said witness would have presented a viable defense. *Canterbury v. State*, 781 S.W.2d 107, 110 (Mo. App.1989). Mere speculation as to what that testimony might have been is not sufficient. *Id.*

■ Taylor did not appear at the Rule 29.15 hearing, and thus there is no way to ascertain what his testimony may or may not have been. Harry's speculation as to

what Taylor's testimony might have been is not substantive evidence that counsel was ineffective in failing to obtain it. Therefore, the motion court's failure to make a specific finding of fact and conclusion of law on this claim is not error.

We note that the motion court did make general findings of fact and conclusions of law regarding trial counsel's failure to litigate properly the victim's in-court identification of Harry. The motion court stated:

[m]ovant's trial counsel effectively handled the issue of victim's identification of movant. The record reveals some equivocation by the victim in identifying movant in one of the two photo lineups and in the physical line up. Trial counsel explored these discrepancies in both a pretrial deposition of the victim and at trial.

Although findings must be responsive to matters raised in the motion for post-conviction relief, they need not be itemized. *Munoz v. State*, 743 S.W.2d 506, 507 (Mo. App.1987). What is required is that findings be sufficient for an appellate court to determine from them whether they are clearly erroneous. *Id.* The motion court's findings and conclusions regarding counsel's failure to adequately litigate the victim's in-court identification, coupled with the straightforward nature of the evidentiary hearing, make it clear that there is no error. Harry's third point is denied.

Harry's fourth point on appeal is that the motion court erred in failing to render findings of fact and conclusions of law on the claim that his trial counsel failed to impeach the victim with evidence demonstrating a motive to fabricate her testimony against Harry. Specifically, Harry contends that his trial counsel should have elicited the victim's motive to falsely accuse Harry in light of the lawsuit she had previously filed against Harry to evict him as a tenant. As we have previously stated, findings of fact and conclusions of law are not essential where no substantive evidence is presented at the hearing to support movant's allegations. *W.F.W. v. State*, 779 S.W.2d 724, 725 (Mo.App.1989). We have reviewed the entire evidentiary hearing transcript and find no mention of evidence demonstrating a motive for the victim to fabricate testimony against Harry. A circuit court cannot be found to have committed error for failing to make findings of fact and conclusions of law on issues not presented at the hearing. *Williams v. State*, 736 S.W.2d 509, 510 (Mo.App.1987). Therefore, Harry's fourth point is denied.

Harry's fifth and final point on appeal is that the motion court clearly erred in failing to make findings of fact and conclusions of law regarding trial counsel's failure to object to the victim's in-court identification of Harry. Again, a circuit court cannot be found to have committed error for failing to make findings of fact and conclusions of law on issues not presented at the hearing. *Williams v. State*, 736 S.W.2d 509, 510 (Mo.App.1987). We have reviewed the entire motion hearing transcript and we are unable to find any protest to trial counsel's failure to object to the victim's in-court identification of Harry. Furthermore, although findings must be responsive to the matters raised in the motion for post-conviction relief, they need not be itemized. *Munoz v. State*, 743 S.W.2d 506, 507 (Mo.App.1987). Rather, the findings must be sufficient for an appellate court to determine from them whether they are clearly erroneous. *Id.* The motion court determined that Harry's trial counsel effectively handled the issue of victim's identification of Harry. The court additionally determined that trial counsel explored the discrepancies of the victim's identification of Harry in both a pretrial deposition and at trial. These two findings indicate that the motion court did not find that trial counsel's failure to object to victim's identification of Harry amounted to ineffective assistance of counsel. Our review of the record reveals no clear error in the motion court's determination. Harry's final point is denied.

The judgment of the hearing court is affirmed in all respects.

REINHARD, P.J., and CRANE, J., concur.