**STATE of Missouri, Respondent,**

v.

**Michael HAMILTON, Appellant.**

**No. WD 42686.**

Missouri Court of Appeals,
Western District.

Oct. 15, 1991.

Raymond L. Legg, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., LOWENSTEIN, C.J., and ULRICH, J.

FENNER, Presiding Judge.

Appellant, Michael Hamilton, appeals his convictions of second degree murder, first degree assault, and two counts of armed criminal action. Appellant also appeals the denial of his Rule 29.15 motion for post-conviction relief.

Taking the evidence and its inferences in the light most favorable to the verdict and disregarding any contrary evidence and inferences, the evidence was as stated hereafter.

On September 14, 1988, at approximately 1:00 a.m., a blue van with four men in it turned off 35th Street onto Wabash and drove past the park at that location. LeRoy Hudson was driving the van, with Terrence Jackson, Michael Sanders, and appellant in the rear of the van with the sliding door open. The men in the rear of the van opened fire on the twenty to thirty people in the park and continued to fire out of the van until the van had passed the park and traveled two houses further down Wabash. Following behind the van was a gold LTD owned by Fletcher Wiley. The two people in the LTD, Fletcher Wiley and Edward Buford, also fired on the people in the park.

Arvelt Bruster saw the van turn the corner from 35th onto Wabash from where he was standing on the sidewalk in the park. Bruster knew all four men in the van and recognized them as the van turned the corner. When the gunfire began, Bruster hid behind a nearby building. When the first round of gunfire stopped, Bruster came out and saw Fletcher Wiley's car drive past, with Wiley and Buford firing into the park.

Eric Dunlop was also at the scene when the shooting began. Dunlop recognized the driver, Leroy Hudson, and also Terrence Jackson who was inside the van. Dunlop saw another man, large in stature like appellant, inside the van, but Dunlop couldn't positively identify appellant as having been in the van. Dunlop also saw shots fired from the gold LTD. Robert Wright, who was with Eric Dunlop in the park, was struck in the face by a bullet and died from his wound.

Carl Washington was walking home from the park when the shooting began. Washington made it about two houses away from the park when he was shot in the hip. Washington recovered from his wound.

The van used in the shooting, which had been stolen, was discovered about thirty minutes after the shooting. The van had been abandoned at a location some seven to ten minutes away from the scene of the shooting. There were powder burns on the rear carpet area. Spent shell casings as well as unfired cartridges were found in the van. The shell casings were from five separate weapons.

LeRoy Hudson's fingerprints were found on both the outside and inside of the sliding door of the van. A hair recovered from a ball cap in the van matched the hair of Fletcher Wiley.

A police officer spoke with appellant approximately one hour before the shooting at a car wash at 59th and Prospect. Appellant was in the company of LeRoy Hudson and Terrence Jackson at that time.

When appellant was questioned about the shooting, he stated that he had been with his girlfriend from 7:30 p.m. on the night of the shooting to 8:00 a.m. the next morning. Appellant's girlfriend denied being with appellant during that time.

Arvelt Bruster testified that the reason for the shooting was an ongoing feud stemming from a high school rivalry. Bruster and Eric Dunlop were in one group, while appellant and the others in the van and LTD were in another group. In the course of their feud, the two groups had been involved in shoot outs on several prior occasions.

In his first point on appeal, appellant argues that the trial court erred by denying his Motion for Acquittal at the Close of All the Evidence because the evidence was insufficient for him to have been found guilty beyond a reasonable doubt. Specifically, appellant argues that Arvelt Bruster's eyewitness identification of him was so incredible that it did not constitute substantial evidence. Without Bruster's identification, appellant argues the evidence was insufficient.

An appellate court must consider the evidence, together with all reasonable inferences drawn therefrom, in the light most favorable to the verdict and disregard all evidence and inferences to the contrary. *State v. Sumowski,* 794 S.W.2d 643, 645 (Mo. banc 1990). Appellate courts do not weigh the evidence, but limit their review to a determination of whether the verdict is supported by sufficient evidence. *State v. Murphy,* 753 S.W.2d 90, 91 (Mo.App.1988). The testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case. *State v. Sumowski,* 794 S.W.2d at 645. Furthermore, the reliability and credibility of a witness is for the jury to decide. *Id.*

Appellant argues that since it was 1:00 a.m., and Arvelt Bruster identified him as being in the back of a "darkened" van, that Bruster's identification was unreliable. However, there was also evidence that although it was night time, there were street lights in the area and the police were able to distinguish faces and take notes at the scene without the aid of additional light.

Arvelt Bruster's reliability and credibility were for the jury to decide. Appellant's challenge to the sufficiency of the evidence is denied.

In his second point, appellant argues that the trial court erred in allowing Arvelt Bruster and Eric Dunlop to testify that they had been involved in previous shoot-outs with the men in the van and LTD.

Evidence of the commission by defendant of crimes separate and distinct from the crime for which he is charged is generally inadmissible. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). However, such evidence is admissible to prove the crime charged when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime. *Id.* Evidence of other crimes should be admitted under one of these ex-

ceptions only when the prejudicial effect of the evidence is outweighed by its probative value. *Id.* This balancing of prejudicial effect and probative value lies within the sound discretion of the trial court. *Id.*

Whether evidence of other crimes falls within an exception to the general rule of inadmissibility is determined by whether the evidence is logically relevant to the expected purpose for which it is sought to be introduced. *State v. Cutts,* 694 S.W.2d 804, 809–809 (Mo.App.1985). Wide latitude is generally allowed in the development of motive. *State v. Mallett,* 732 S.W.2d at 535.

The prosecutor represented at trial that the evidence of other shoot-outs between the parties was offered to show motive for the crimes with which appellant was charged. The fact that the parties had been involved in previous shoot-outs was logically relevant to show the motive for the shooting in question. The trial court did not err in allowing testimony of previous shoot-outs.

Appellant's second point is denied.

In his third point, appellant argues that the motion court erred in failing to enter specific and more complete findings of fact and conclusions of law on his motion for post-conviction relief under Rule 29.15. Appellant argues that the findings and conclusions entered did not allow meaningful appellate review of all issues.

In order for the appellate courts to engage in review of post-conviction proceedings, the motion court is required to make findings of fact and conclusions of law on all issues presented. Rule 29.15(i). There is no precise formula that the findings and conclusions must follow and they are sufficient as long as they permit review of the judgment. *State v. Adams,* 791 S.W.2d 761, 765 (Mo.App. 1990). The findings and conclusions do not need to be itemized; they need only be responsive to the issues raised. *Harry v. State,* 800 S.W.2d 111, 116 (Mo.App.1990). Furthermore, the motion court does not commit error by failing to make findings

and conclusions on issues not supported by substantive evidence at the hearing. *Id.*

■ Appellant complains that five of his claims of ineffective assistance of counsel were not specifically addressed. These claims were as follows: (1) trial counsel coerced appellant into not testifying; (2) trial counsel failed to make an opening statement; (3) trial counsel failed to object to portions of the State's opening statement; (4) trial counsel failed to voir dire the jury properly so as to reveal that a prospective juror knew appellant's family; and (5) trial counsel failed to effectively advise appellant of his right to testify.

At his evidentiary hearing, appellant presented evidence that trial counsel improperly advised him in regard to his right not to testify. However, appellant presented no evidence of coercion by trial counsel as raised in his first complaint of ineffective assistance.

In regard to his other four complaints of ineffective assistance, once again no substantive evidence was presented in support of these claims. The only reference to these claims was the recitation of the claims by motion counsel followed by appellant's assertion that he suffered prejudice by trial counsel's ineffectiveness. Mere conclusory speculations on movant's part are not sufficient to be considered substantive evidence of counsel's ineffectiveness. *See, W.F.W. v. State,* 779 S.W.2d 724, 726 (Mo.App.1989).

Appellant's third point is denied.

The judgments of conviction and denial of appellant's Rule 29.15 motion are affirmed.

All concur.