STATE of Missouri, Respondent,

v.

Frederick DARRINGTON, Appellant.

Nos. WD 47280, WD 49565.

Missouri Court of Appeals,
Western District.

April 25, 1995.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Frederick Darrington was convicted of unlawful use of a weapon pursuant to section 571.030.1(1), RSMo 1986, for allegedly concealing a pistol. He appeals his conviction on two grounds: (1) that weapons, clips and ammunition found in the search of the automobile in which he was riding at the time of his arrest should have been suppressed because the search was unconstitutionally broad, and (2) that his trial counsel was ineffective in not procuring and offering into evidence allegedly corroborative testimony of a co-defendant given in a prior Alford plea hearing.

## I. *FACTUAL AND PROCEDURAL BACKGROUND.*

On December 18, 1991, police officers Pelter and Hamilton stopped a white Cadillac after they had observed the car driving on the wrong side of the road at a fairly rapid rate. Once the vehicle was stopped, Officer Pelter saw the passenger in the front seat lean back and then lean forward as if he were hiding something under the front passenger seat. Officer Pelter then observed the driver hand the passenger something and again the passenger leaned forward as if putting something underneath the passenger seat.

The officers approached the vehicle and asked both the driver and passenger for identification. The driver, later identified as Mr. Darrington, did not have a driver's license. Officer Pelter arrested him for driving without a license and driving on the wrong side of the road. The passenger in the car, David Murray, also did not have a driver's license.

After running a computer check on the car's license plate number, Officer Pelter learned that the car belonged to a third party, Ola Norton. Accordingly, he ordered that the car be towed. Prior to towing the car, the officer conducted an inventory search of the car which revealed a .41 caliber handgun, a .9mm semi-automatic pistol, and two clips as well as ammunition for each weapon under the right front passenger seat.

Mr. Darrington and Mr. Murray were then both placed under arrest for carrying concealed weapons. After being advised of their Miranda rights, Mr. Darrington purportedly

admitted that the .9mm pistol was his and Mr. Murray admitted that the .41 caliber handgun belonged to him. Mr. Darrington and Mr. Murray were transported to the police department where they were each booked on charges of carrying a concealed weapon.

Prior to trial, Mr. Darrington filed a motion to suppress physical evidence found during the search of the car he was driving and the alleged statement he made admitting his ownership of the pistol. The motion was denied.

Defense counsel subpoenaed Mr. Murray to testify at trial. When Mr. Murray failed to appear, defense counsel filed a writ of attachment against him to secure his presence. However, he was not found and did not testify. The defendant did testify, however. He said that the weapons did not belong to him and denied that he had admitted to the officer at the time of his arrest that he owned the pistol. Defendant was found guilty and sentenced to one-year of imprisonment.

Appointed counsel filed an amended Rule 29.15 motion for postconviction relief alleging that trial counsel rendered ineffective assistance by failing to obtain and offer prior court testimony given by Mr. Murray at his Alford plea hearing. At an evidentiary hearing held on the amended Rule 29.15 motion, trial counsel testified that, had he known that Mr. Murray would not testify live at trial, he would have wanted to admit Mr. Murray's prior testimony if that testimony could have corroborated Mr. Darrington's trial testimony. However, trial counsel had no reason to believe, prior to trial, that Mr. Murray would ignore the subpoena and fail to appear live at the trial. Based on this evidence, the motion court issued findings of fact and conclusions of law in which he found counsel was not ineffective and denied the motion for postconviction relief.

## II. *DEFENDANT'S CLAIM THAT THE SEARCH OF THE AUTOMOBILE INCIDENT TO ARREST WAS TOO BROAD IS MERITLESS AND HE IS WITHOUT STANDING TO ASSERT IT.*

■ Mr. Darrington attacks the constitutionality of the search of the car he was driving at the time of his arrest, arguing that a search incident to arrest should be limited to the area within the arrestee's immediate control. He also claims that the inventory search made of the car subsequent to his arrest was unreasonable because it was not conducted in accordance with established police department policy. He argues that the handguns, clips and ammunition discovered during the search of the car therefore should have been suppressed. Mr. Darrington also contends that his purported statement to Officer Pelter admitting ownership of the handguns should have been suppressed as impermissible fruit of the unlawful search.

Mr. Darrington admits that the United States Supreme Court held in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), that the Fourth Amendment to the United States Constitution does not limit the right of an officer, incident to an arrest, to search an area of the car beyond the control of the arrestee. However, he argues that Article I, Section 15 of the Missouri Constitution is broader than the Fourth Amendment to the United States Constitution, and that it does prohibit a search of areas not within the control of the arrestee at the time of the arrest.

As defense counsel also notes in her brief, however, the Missouri Supreme Court clearly held in *State v. Harvey*, 648 S.W.2d 87, 89–90 (Mo. banc 1983), that where an officer has made a lawful arrest, he may, incident to the arrest, make a contemporaneous search of the passenger compartment. The Court rejected the view, set out in the dissenting opinion of Judge Seiler, that the Missouri Constitution should be construed more broadly, so as to prohibit a search beyond the area within the control of the arrestee. *Id.* While defense counsel suggests that this Court should follow Judge Seiler's dissenting opinion, we are bound to follow the rule set by the majority in *Harvey*. *Chambers v. Figgie Int'l, Inc.*, 838 S.W.2d 168, 171 (Mo. App.1992).

Even were Mr. Darrington's argument concerning the scope of the search valid,

however, we could not hold the trial court erred in admitting the weapons, ammunition and clips found in the search of the automobile. This is because Mr. Darrington lacks standing to attack that search.

■ Mr. Darrington admits he does not own the car in which the weapons were found, but claims that he has automatic standing to attack the search because he was charged with an offense that includes, as an essential element, possession of the seized weapons. In support, he cites *State v. Melville*, 864 S.W.2d 452, 454 (Mo.App.1993), and *State v. Lorenzo*, 743 S.W.2d 529, 531 (Mo. App.1987).

However, the automatic standing previously afforded to those charged with possessory offenses to challenge the constitutionality of a search and seizure has been abrogated. *See United States v. Salvucci*, 448 U.S. 83, 85, 100 S.Ct. 2547, 2549–50, 65 L.Ed.2d 619 (1980); *State v. McCrary*, 621 S.W.2d 266, 273 n. 11 (Mo.banc 1981); *Wolfe v. State*, 613 S.W.2d 892, 896 (Mo.App.1981). *Melville* and *Lorenzo*, upon which Mr. Darrington asserts his standing to challenge this search and seizure, have been specifically overruled on this very ground by *State v. Martin*, 892 S.W.2d 348, 351 (Mo.App.1995).

*Salvucci* held that persons charged with crimes, an element of which is possession, can only avail themselves of a Fourth Amendment protection if they had a legitimate expectation of privacy in the place or thing searched. *Salvucci*, 448 U.S. at 84–85, 100 S.Ct. at 2549–50. *See also McCrary*, 621 S.W.2d at 273. These cases hold that a defendant's mere possessory interest in an automobile provides an insufficient basis on which to base a legitimate expectation of privacy in the contents of the vehicle. *See Martin*, 892 S.W.2d at 351–52. Thus, Mr. Darrington lacks standing to challenge the constitutionality of the search conducted of the vehicle and has no grounds for suppression of the evidence found in the search or of his purported statement to the police. For this same reason, we find that defendant has no standing to attack the validity of the inventory search of the vehicle.

## III. COUNSEL WAS NOT INEFFECTIVE IN FAILING TO OBTAIN PRIOR TESTIMONY OF A CO–DEFENDANT.

■ Mr. Darrington complains that his trial counsel provided ineffective assistance by failing to obtain and offer into evidence testimony given by Mr. Murray at Mr. Murray's Alford plea hearing, because this testimony would have corroborated Mr. Darrington's trial testimony. Mr. Darrington acknowledges his trial counsel had subpoenaed Mr. Murray to testify at the trial and had obtained an order for writ of attachment of Mr. Murray after he failed to appear, but urges that this was not enough. Trial counsel should also have obtained the transcript of the Alford plea in anticipation that Mr. Murray might fail to appear.

■ The right to the effective assistance of counsel is mandated by the Sixth Amendment to the United States Constitution and is a fundamental right guaranteed to state defendants though the Fourteenth Amendment of the United States Constitution. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). To prevail on a claim of ineffective assistance of counsel, the appellant must satisfy a two-pronged test. First, counsel's performance must fall below the customary skill and diligence that a reasonably competent attorney would have exercised in similar circumstances. Second, the appellant must have been prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979).

■ We find that Mr. Darrington's trial counsel exercised the customary skill and diligence of a reasonably competent attorney by relying upon the subpoena and subsequent writ of attachment to procure Mr. Murray's attendance at the trial. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Bevly v. State*, 778 S.W.2d 297, 298 (Mo.App.1989). There was no indication prior to the trial that Mr. Murray would disregard the subpoena and not appear at the

trial. Indeed, trial counsel sought and obtained a writ of attachment for Mr. Murray in aid of compelling his appearance at the trial. *See State v. Twenter,* 818 S.W.2d 628 (Mo. banc 1991) (defendant failed to show counsel was responsible for the witness' failure to appear and testify); *McLaurin v. State,* 748 S.W.2d 811 (Mo.App.1988) (failure to request body attachment for a subpoenaed witness who failed to honor the subpoena was not "per se ineffective assistance of counsel").

 We also find that Mr. Darrington failed to meet the other elements of proof of ineffective assistance of counsel, in that he failed to show that Mr. Murray's testimony would have presented a viable defense, *Harry v. State,* 800 S.W.2d 111, 115 (Mo.App. 1990), and that he was prejudiced by counsel's performance. *Id.* It is not sufficient to show that an error by counsel may have had some conceivable effect on the outcome. *Bevly,* 778 S.W.2d at 298. Rather, Mr. Darrington must show that there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. *Id.* at 299. In determining whether a reasonable probability exists, the fact finder must consider the totality of the circumstances. *Id.*

The motion court found that "[a]fter a thorough review of the entire record, [it] is not persuaded that Mr. Murray's prior testimony would have benefited [sic] movant whatsoever." We agree that Mr. Murray's testimony lends very little additional evidence to the proceedings and does not serve to corroborate Mr. Darrington's defense. The lack of any prejudice is further highlighted by the fact that the evidence which defendant alleges Mr. Murray would have offered was otherwise before the jury. *Ward v. State,* 767 S.W.2d 69, 70 (Mo.App.1989).

Because Mr. Darrington failed to overcome the strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance," *Bevly,* 778 S.W.2d at 298, and also failed to show the necessary prejudice, we affirm denial of his motion for post-conviction relief. Rule 29.15(j); *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

We affirm Mr. Darrington's conviction of carrying a concealed weapon and denial of his motion for post-conviction relief.

All concur.